JOSEPH P. FRIDLEY *et al.*, Plaintiffs in Error, *v.* ABRAHAM MURPHY, Adm'r, etc., Defendant in Error.

ERROR TO FULTON.

In an application for the sale of real estate to pay debts, the answer of the guardian *ad litem* is not a sufficient foundation for an order of sale. The record should show further that the court heard proof, which satisfied it of the truth of the allegations of the petition.

THIS was a proceeding by bill, presented by the defendant in error, as administrator of the estate of John Fridley, deceased, to the Fulton Circuit Court, for leave to sell real estate to pay debts.

The bill charges the appointment, in October, 1845, of said Murphy, by the probate court of Fulton county, Illinois, as administrator of the estate of John Fridley, deceased, and the qualification of such administrator; "that within the time allotted by law, he filed in the probate office of said county a full and perfect inventory of the real and personal estate, together with an appraisement and sale bill of the personal estate of said deceased;" that "the amount of debts and liabilities allowed against said estate, aside from the cost of administration, amount to the sum of $565.25, or thereabouts, and the amount of the assets in the hands of the administrator to be administered is $248.21, which entire amount has been paid out and expended in part payment of the debts and liabilities of the deceased, leaving a balance of debts to be provided for, of $317.04;" that "said Fridley died, leaving Hester Fridley, his widow, and Joseph E. Fridley, Garret Ackerson, Latilia Ackerson, Abraham Murphy, Emaline Murphy, Elizabeth Fridley, Henry Fridley, Jesse Fridley, Maria Fridley, Louisa Fridley, and J. K. Polk Fridley, heirs at law, whom he asks may be made parties to this bill;" that said Fridley died seized of the following described real estate, to wit: S. E. S. E. 10; N. W. S. W. 14; E. half S. E. 15; and the E. half N. E. 15—all in township 6 N., range 2 E. And these are all the statements in the bill.

At the March term of the court, a decree appointing a guardian *ad litem* was rendered, as follows:

STATE OF ILLINOIS, }
  FULTON COUNTY. }  At the March Term, Fulton Circuit Court, A.D. 1848.

ABRAHAM MURPHY, Adm'r of John Fridley, deceased, }
  *vs.*  } Petition for sale of real
JOSEPH P. FRIDLEY *et al.*  } estate.

It is hereby ordered, that William Kellogg be appointed guardian *ad litem* for Elizabeth Fridley, Henry Fridley, Jesse Fridley, Maria Fridley, Louisa Fridley, and James K. Polk Fridley,

Fridley et al. *v.* Murphy, Adm'r, etc.

infant defendants in this case, and heirs at law of John Fridley, deceased, and that said guardian *ad litem* report forthwith.

N. H. PURPLE.

An instrument appears among the papers in said case which purports to be the answer of said guardian *ad litem* for all the infant defendants, except Louisa Fridley, admitting the matters stated in the petition.

The following decree for sale appears of record as of the same term, but the decree itself contains no filing upon it:

ABRAHAM MURPHY, Adm'r of the estate of John Fridley, dec'd } Petition for sale of
             *vs.* } real estate.
JOSEPH P. FRIDLEY *et al.*

This day again came the petitioner, by his solicitor, and it appearing that the guardian *ad litem* appointed herein, having filed his answer for the minor heirs of said John Fridley, admitting the facts in said petition, and the other defendants having failed to appear and answer, plead or demur to said petition, and due notice having been given, it is therefore ordered and decreed, that the lands in said petition described, to wit: S. E. of the S. E. 10, 6 N. 2 E.—N. W. of the S. W. 14, 6 N. 2 E.— E. half of the S. E. 15, 6 N. 2 E., and the E. half of the N. E. 15, 6 N. 2 E., be sold at public vendue, at the door of the court house in said county by said administrator, he having first given notice of such sale, as is required by the statute in such case made and provided, and that the same be sold on a credit of six months, the purchaser securing the amount of such purchase money as the same may be sold for by personal security, and executing to said administrator a mortgage of the lands so purchased, and that said administrator make such deeds as are necessary to convey the lands so sold to the purchaser or purchasers, and that he make report to this court at the next term hereof, to which time this cause is continued.

N. H. PURPLE.

Under this order part of the land was sold by the administrator, and the sale afterwards confirmed by the court below. The plaintiffs in error now seek to reverse the decree confirming said sale.

GOUDY, JUDD & BOYD, for Plaintiffs in Error.

LEWIS W. ROSS, and W. H. HERNDON, for Defendants in Error.

CATON, C. J. The order for the sale of these lands shows affirmatively that no proof was heard by the court in support of the allegations of the petition, but the court acted alone upon

the answer of the guardian *ad litem*, which admitted the truth of the allegations of the petition. This was not sufficient to justify the action of the court. Independent of the answer, the court should have been satisfied by proof that the facts actually existed which would require a sale of the land. We will not now say that those proofs must have been set forth at large upon the record, so that this court could see that they were sufficient, but the record should show that the court did hear proof which satisfied it of the truth of the allegations of the petition.

The order of the Circuit Court is reversed, and the cause remanded.

*Judgment reversed.*