## JOHN R. MOORE *et ux.*

*v.*

## MADISON NEIL *et al.*

1. ADMINISTRATOR's *notice of application for leave to sell land — its requisites.* An administrator gave notice that he would present a petition "at the next term of the Shelby Circuit Court, to be holden at the court-house in Shelbyville, on," etc., and the notice was published in a newspaper in Shelby county. Upon an objection that the notice did not specify in what county or State the court was to be held at which application was to be made, it was held sufficient.

2. RECITAL IN DEGREE — *cures defective certificates of publication.* A defect in a certificate of publication of such notice, in not stating the first and last days of the publication, is cured by a recital in the decree that "it appearing to the court that notice according to law was given of the pendency of this cause."

3. PRESUMPTION — *from recital in decree.* The presumption arises from such a recital that the court received other evidence than the certificate of the date of the publication.

4. PURCHASERS *at administrators' sales — how far protected.* The rule in regard to administrators' sales is, that when the court has once obtained jurisdiction by the notice and petition, then it matters not what errors may intervene, the title of the purchaser is protected under the decree.

5. This rule applies, as well in a case where the sale under the decree is attacked collaterally by bill in chancery, as in a direct proceeding to reverse the decree.

6. FORMER DECISION. This rule is not in conflict with any thing decided in the case of *Lloyd* v. *Malone*, 23 Ill. 43.

7. COLLATERAL PROCEEDING — *what constitutes.* Where a bill in chancery is filed to set aside an administrator's sale, the proceedings should not, perhaps, be regarded as collateral to the former suit so far as it relates to the parties to

that suit, but as to purchasers, whose title derived from the sale is sought to be divested, it is as purely collateral as an action of ejectment.

8. JURISDICTION IN CHANCERY — *where there is a remedy at law.* Where no conveyance has been made to a purchaser at an administrator's sale, it is not necessary to resort to a bill in chancery to set aside the sale for any alleged defects in the proceedings; the action of ejectment will furnish an ample remedy.

9. ADMINISTRATOR'S SALE — *report thereof, whether necessary.* It is not essential to the validity of an administrator's sale of land, that he should make a report thereof to the court.

WRIT OF ERROR to the Circuit Court of Shelby county; the Hon. CHARLES EMERSON, Judge, presiding.

The facts of this case are stated in the opinion of the Court.

Messrs. HENRY & READ, for the plaintiffs in error.

This was a bill in chancery, filed by Moore and wife against the purchasers at an administrator's sale of land, to impeach the decree under which the sale was made.

The Supreme Court, in the cases of *Lloyd et al.* v. *Malone et al.*, 23 Ill. 43, and *Johnson et al.* v. *Johnson et al.*, 30 id. 223, held that an infant, aggrieved by an improper order or decree, may file an original bill for relief for errors and illegalities appearing on the face of the order or decree. See also Adams Eq. (marginal paging) 420.

The right of the complainants to file such a bill is not questioned by the defendants, either by demurrer to the bill or by the answer, and a party cannot make the objection for the first time on the hearing. *Hughes* v. *Blake*, 5 Curtis Decis. 126 ; Story's Eq. Pl. § 528 ; Mitf. Eq. Pl. 206 ; *Cummins* v. *Mayor, etc., of Brooklyn*, 11 Paige Ch. 602 ; *Bank of Utica* v. *City*, 4 id. 400 ; *Grandon* v. *Leroy*, 2 id. 509 ; *Smith* v. *Haveland et al.*, 4 Cowen, 727, and cases there cited.

Courts of equity will take jurisdiction to set aside a cloud upon complainant's title. *Pettitt* v. *Sheppard*, 5 Paige Ch. 501 ; *Ward* v. *Ward*, Hayn & Ress. 226 ; *Leigh* v. *Everhart, Exr., etc.*, 4 Monroe, 380 ; *Hamilton* v. *Cummings*, 1 Johns,

Ch. 517; *Grover* v. *Hugell*, 3 Russ. Ch. 422; 2 Story's Eq. Jur. § 700; and *Johnson et al.* v. *Johnson et al.*, 30 Ill. 224.

· This is not a collateral proceeding. It is as much a direct proceeding as if the original order of sale had been brought before this court on an appeal or writ of error; in fact, it is an original bill in the nature of a bill of review. The court never acquired jurisdiction of the persons of the defendants before making the order of sale, and the order is void. The notice of publication was wholly uncertain as to where the court was to be held, as no mention is made of the county or State in it. A notice by publication takes the place of original process, and the same certainty is required that would be required in a summons. *Orendorff et al.* v. *Stanberry et al.*, 20 Ill. 89. Not only is the place left uncertain, but the term is equally uncertain.

The statute authorizing the sale of real estate to pay debts, not being remedial but special and extraordinary, ought to be strictly construed; and, whatever may be the rule with regard to courts of general powers when acting within the scope of these powers, it is well settled that when they do not, and exercise a special and statutory authority, their proceeding stands on the same footing with those of courts of limited and inferior jurisdiction, and will be invalid unless the authority on which they are founded has been strictly pursued. *Denning* v. *Corwin*, 11 Wend. 647; *Jackson* v. *Esley*, 7 id. 148; *Sharp* v. *Spears*, 4 Hill, 16; *Striker* v. *Kelly*, 7 id. 11; *Matter of Morris Square*, 2 id. 14; *Williamson* v. *Berry*, 8 How. 495; *Williamson* v. *Ball*, id. 566; *Matter of Flatbush Avenue*, 1 Barb. 289; *Buskett* v. *Drummond*, 1 B. & C. 153; *Christie* v. *Unwin*, 11 A. & E. 373; *Mayhew* v. *Davis*, 4 McLean, 213; *M. Berry* v. *Connor*, 3 Comst. 511.

No order of sale can be made until the claims against the estate have been probated and allowed. *Davenport* v. *Young et ux.*, 16 Ill. 552; *Dorman* v. *Lane*, 1 Gilm. 143; *Dorman et al.* v. *Tost et al.*, 13 id. 130; Rev. Stat. 1845, § 125, title "Wills," p. 562.

The petition shows that the administrator never filed an appraisement bill and sale bill of the personal property as

required by section one hundred and eight of Revised Statutes of 1845, title "Wills," page 559. The statement in the petition that there were only ten bushels of corn and no other personal property belonging to the estate, fraudulently made by the administrator, as against infant heirs, will not relieve him from a compliance. The statute is mandatory and must be obeyed. A compliance with this section must be shown in order to confer jurisdiction upon the court. *Young et al.* v. *Dowling*, 15 Ill. 486; *Bright* v. *Boyd*, 1 Story, 478.

There was no evidence offered in support of the allegations of the petition, and the decree was made on the naked answer of the guardian *ad litem* without proof, which is manifestly erroneous, where the proceedings are against infants. *Bennett et al., Exrs., etc.,* v. *Whiteman et al.,* 22 Ill. 454; *Chapin* v. *The Heirs of Kimball,* 23 id. 38; *Fridley et al.* v. *Murphy, Admr., etc.,* 25 id. 147.

Again, no amount by the order of sale is found to be due from said estate, which is essential to its validity. *Bennett et al., Exrs., etc.,* v. *Whiteman et al.,* 22 Ill. 454, 455.

The certificate of the printer to the notice of publication is wholly insufficient to bring the defendants into court; it is neither a literal nor a substantial compliance with the requirements of the statute; it does not state the date of the first and last publication. See § 1, chap. 3, Rev. Stat. 1845, p. 47.

Messrs. STUART, EDWARDS & BROWN, for the defendants in error.

The case of *Johnson et al.* v. *Johnson et al.* does not decide that in every case of a *void decree* without fraud, a bill may be maintained. In this case the remedy at law is perfect and adequate. The complainant is and has been for six or seven years of full age.

In the case of *Loyd et al.* v. *Malone,* 23 Ill. 42, the complainants were at the time infants. The court, in the opening of the opinion, speak of the lands as "the property of the complainants who *are* infants."

The decree obtained by the administrator was not void. The notice and certificate were sufficient. *Gibson* v. *Roll*, 27 Ill. 91 ; *Stow* v. *Kimball*, 28 Ill. 107, 108.

This is in effect a collateral proceeding, and the title of the purchasers cannot be affected by any error in the decree not rendering it void. *Gray* v. *Brignardello*, 2 Wallace, U. S. Supreme Court Reports, p. 642.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

This was a bill in chancery brought by the plaintiffs in error to the March Term, 1863, of the Shelby Circuit Court, to set aside a sale of real estate, made under a decree of the same court, rendered at the May Term, 1842, authorizing the administrator of John B. Smith to sell certain real estate for the payment of debts. The defendants answered, setting up their various titles under the sale, and, on the hearing, the Circuit Court dismissed the bill.

The only objection to the proceedings which goes to the jurisdiction of the court, is based upon the alleged insufficiency of the administrator's notice. That is in the following form :

"Notice is hereby given to William Smith and Sarah Smith, heirs at law of John B. Smith, deceased, that I will present a petition at the next term of the Shelby Circuit Court, to be holden at the court-house in Shelbyville, on the fourth Monday in the month of May next, to the judge of said court, for the sale of the whole or as much of the real estate of said John B. Smith, deceased, as will be sufficient to satisfy the debts against said estate, at which time and place you and all persons interested are requested to attend, and show cause, if any can, why said real estate should not be sold for the purposes aforesaid.

"A. THORNTON for petitioner.

                                        " WM. BONE,
                    *Admr. of John B. Smith, deceased.*
"March 15th, 1842.

" I hereby certify that the above notice to the heirs at law of John B. Smith, deceased, was published six successive weeks prior to the May Term of Shelby Circuit Court, for 1842, in the Shelbyville Herald.

" J. C. DUNCAN, *Publisher.*"

It is objected to this notice that it does not specify in what county or State the court was to be held at which application was to be made. It does specify " the Shelby Circuit Court to be holden at the court-house in Shelbyville." The notice was inserted in a newspaper published in Shelby county, and the language of the advertisement was a sufficient designation of the county, and one which no human being who read it could have misunderstood. So also as to the absence from the notice of the name of the State. No person who read the notice in a paper published in Shelby county, could have doubted for one moment that " the Shelby Circuit Court to be holden in the court-house at Shelbyville," referred to Shelby county in the State of Illinois. A notice with this same alleged defect was held sufficient in *Gibson* v. *Roll*, 27 Ill. 92, and in *Goudy* v. *Hall*, 36 Ill. 313. Titles of purchasers in good faith should never be overturned upon this species of captious criticism.

It is further objected that the certificate of publication is defective in not stating the first and last days of the publication. The decree of the court, however, recites as follows : " It appearing to the court that notice, according to law, was given of the pendency of this cause," and this recital cures the defect of the certificate. This was so held in *Reddick* v. *State Bank*, 27 Ill. 145, even on a writ of error. See also *Timmerman* v. *Phelps*, id. 496, and *Banks* v. *Banks*, 31 id. 162. Although the certificate of the printer may have been insufficient, yet we must presume, from this recital, that the court received other evidence of the date of publication.

This disposes of all objections taken to the jurisdiction of the court, and thereby disposes of the case. Various other objections are made to the proceedings, but it is unnecessary to

consider them, for at most they were but errors, and cannot be urged against the title of these defendants. The case of *Stow* v. *Kimball*, 28 Ill. 108, was twice argued and very fully considered by the court, and the rule is there laid down in the most emphatic language in regard to administrator's sales, that when the court has once obtained jurisdiction by the notice and petition, then it matters not what errors may intervene, the title of the purchaser is protected under the decree. The court say: "If the court acted without proof, or even if it were affirmatively shown that there were no debts to be paid out of the proceeds of the real estate, still, we could not, for that reason, treat the decree as void." The same principle was laid down in the case of *Goudy* v. *Hall*, 36 Ill. 313, in which we held that the reversal of a decree authorizing the administrator to sell, would not divest the title of the purchaser.

The case of *Lloyd* v. *Malone*, 23 Ill. 43, is cited by the complainants' counsel as a case in point. But that was a bill in chancery filed by infants to set aside a guardian's sale, not merely for errors in the proceedings, but on the ground of fraud. The father-in-law of the infants, who brought the bill, gave notice at the sale that it would be resisted in behalf of the infants. The property was bought by one of the defendants in the bill for himself and the other defendant, and both were present at the sale and cognizant of the notice then given. The bill was brought to set aside the sale soon after it occurred. The language of the court at the opening of the opinion, clearly shows in what light it regarded the case. It is as follows: "The bill charges that the application for the sale of the lands and all the proceedings anterior thereto, by the guardian, were collusive and designed to injure the infants, and to deprive them of their inheritance, and that no necessity existed for converting their land into money for their support and education, and that the guardian was actuated in procuring the order of sale and selling the land, by improper motives to injure them." At the conclusion the court further say: "The whole proceedings from first to last seem to be a contrivance to get this land for sinister purposes." Although the opinion

dwells upon those defects in the record which are merely errors, yet it is evident that the court regarded the whole proceeding as tainted with fraud, and that the defendants, having received notice at the sale, could not claim to be innocent purchasers, and it is upon this ground that the decision is sustainable and in harmony with the ruling of the court in other cases.

It is urged by the counsel for the plaintiff in error that this proceeding is not collateral. Perhaps it should not be so regarded, so far as relates to the parties to the former bill; but as to the defendants in this proceeding, whose title derived from the sale is sought to be divested, it is as purely collateral as an action of ejectment.

It is further urged that it does not appear in the record that the administrator made a conveyance to the defendants. The bill proceeds against them as purchasers, and prays that the sale to them be set aside. It contains no allegation that a deed was not made to them, and does not make that a ground for relief. If no conveyance was made, it was unnecessary to come into chancery as against them. The action of ejectment would have furnished an ample remedy. This position is inconsistent with the whole frame and design of the bill. It is also objected that the report of the administrator shows a sale of different lands from those named in the decree. The case of *Stow* v. *Kimball*, 28 Ill. 108, already quoted, decides that a report was not necessary to the validity of the sale. The bill proceeds upon the ground that the lands actually sold were those described in the decree.

The decision of the Circuit Court is affirmed.

*Decree affirmed.*