Argued April 19, reversed May 9, petition for rehearing denied June 6, 1950

## IN THE MATTER OF THE ESTATE OF
## JOHN Q. JOHNSON, Deceased.
## JAMIESON *v.* HANNA, Executor et al.

### 217 P. (2d) 780

*Reuben G. Lenske,* of Portland, argued the cause and filed a brief for appellant.

*Geo. C. Reinmiller* and *Lester W. Humphreys* argued the cause for respondents. On the brief were Gilley, Humphreys & Sercombe and Edw. R. Harvey, and Reinmiller & Heflin, all of Portland.

Before Lusk, Chief Justice, and Brand, Belt, Hay and Latourette, Justices.

LATOURETTE, J.

This is an appeal from an order directing a sale of real property in the Estate of John Q. Johnson, deceased, who died on December 26, 1943. Appellant is an heir of said deceased and has a one-fourth interest in his estate. The executor filed a petition to sell the real property for the purpose of distribution, all claims against the estate having been paid, and appellant objected to the sale. The heirs owning the other three-fourths' interest in the estate are agreeable to the sale.

Appellant contends that under § 16-101, O. C. L. A., she became the owner of an undivided one-fourth interest in the real property involved on the death of deceased, subject to his debts, and that the probate court under the law existing at that time had no authority to order the real property sold except for the payment of debts.

The law in force at the time of decedent's death, and upon which the sale must be predicated, is as follows:

"When the proceeds of the sale of personal property have been exhausted, and the charges, expenses and claims specified in section 19-802 have

not all been satisfied, the executor or administrator shall sell the real property of the estate or so much thereof as may be necessary for that purpose; provided, that whenever it shall appear to the satisfaction of the court that it is for the best interest of the estate or of the heirs, devisees or legatees thereof that the real property or any part thereof shall be sold, the court or judge thereof may order that the real estate or any part thereof be sold for any purpose without reference to whether or not the personal property has been sold. If any of such real property has been specially devised, it shall be exempt from the operation of the order of sale in the same manner as personal property specially bequeathed." § 19-805, O. C. L. A., Ch. 109, Oregon Laws 1935.

Briefly reviewing the statutes applicable to the sale of decedent's estate over the years in Oregon, we find that originally, by Deady's Code, 1862, § 1113, a sale of the real property of an estate by an administrator could only be authorized when the proceeds of the sale of the personal property had been exhausted and there existed charges, expenses and claims against the estate.

The amendatory law of 1905, Ch. 130, authorized the court to order a sale of the real property to meet the unsatisfied expenses and claims against the estate without reference to whether or not the personal property of the estate had been sold if it appeared to the satisfaction of the court that it was for the best interests of the estate, etc. Coming down to the laws of 1935, Ch. 109, being § 19-805, O. C. L. A., supra, which was the law in effect at the time of decedent's death, the law of 1905, Ch. 130, was amended with respect that the court was authorized in its wisdom to order the real property sold "for any purpose." It therefore becomes plain that prior to this amendment, the

probate court had authority to direct the sale of the real property of an estate for the sole purpose of paying charges, expenses and claims against the estate. Chapter 109, Oregon Laws 1935 enlarged the authority of the probate court to the extent that it could order a sale of the real property of an estate other than for the payment of charges, expenses and claims against the estate, i.e., "for any purpose," which would necessarily include the purpose of distribution.

Decedent died on December 26, 1943, at which time §§ 16-101 and 19-805, O. C. L. A., were in force. Construing them in pari materia, upon the death of the decedent, appellant became the owner of the property in question, subject to the debts of decedent and subject to the authority of the probate court to order a sale of the real property of the estate for any purpose if, in the opinion of the court exercising a sound discretion, upon a proper showing, it was satisfied that such a sale was for the best interest of the estate or of the heirs, devisees or legatees thereof.

The cases cited by appellant in her brief are not in point inasmuch as the sales of real property in those cases were effectuated prior to the passage of Ch. 109, Oregon Laws 1935.

Appellant further urges that: "A determination by the court before hearing completed statements and taking testimony is contrary to statute and should not be upheld."

At the conclusion of the opening statements of the respective parties, the court, without hearing any evidence, concluded the proceedings as follows:

"THE COURT: * * * Now, as to the state of the property, I have heard much said pro and con, but I feel that the way this estate has been

carried on in the last few years past, the most expedient way to dispose of it is to overrule the objection to the sale, the sale will proceed on the offers that are available. That's all, gentlemen.''

"MR LENSKE: Will the court please note an exception?''

Section 19-101, O. C. L. A. sets out that the mode of proceeding (in probate) is in the nature of a suit in equity as distinguished from an action at law. In §§ 9-203 and 5-301, O. C. L. A., when read together, it is prescribed that when a suit is called for trial, the trial should proceed by the plaintiff and defendant making opening statements and by the introduction of evidence on the part of plaintiff and then the defendant.

Section 19-809, O. C. L. A., sets out that if, upon the hearing, the court finds it necessary that the real property, or any portion thereof, be sold, it should make an order accordingly.

In *Babcock v. Wolf*, 70 Iowa, 676, 28 N. W. 490, it was held that the trial of a chancery suit is called a "hearing", and, technically considered, this includes not only the introduction of the evidence and arguments of the solicitors, but the pronouncing of the decree by the chancellor. See cases cited in 19 Words and Phrases, (Perm. Ed.) 163.

*In re Adams Estate,* 139 S. W. (2d) 1037, (Mo.), it was held that the burden of proof was on the executor to show that the personal assets were insufficient to pay claims and expenses of administration when seeking an order for the sale of land in an estate.

In the case of *Fridley et al., v. Murphy,* 25 Ill. 146, it was held in the proceeding for the sale of land by the administrator that the court was without authority to

order the land sold without satisfactory proof of the facts which would permit a sale of the land.

In 34 C. J. S., Executors and Administrators, § 570, 530, we read:

"In an application by the representative to sell land for the payment of debts, the burden of proving the existence of debts chargeable on the lands rests on the personal representative, and the heirs, by setting up the statute of nonclaim, do not assume the burden of proving that defense, but the representative is regarded as holding the affirmative of the issue, and to maintain it is bound to prove the due filing or presentment of the claim." (See cases cited in footnotes).

In the case at bar, the executor petitioned the court for an order to sell the real property of the estate for the purpose of distribution. It is set out in the petition that: "* * * it is therefore to the best interest of the estate and the heirs and legatees of said decedent that said real property should now be sold."

The appellant objected to the proposed sale and joined issue by alleging: "* * * there is no need for the sale of real property for any purpose whatsoever," and strenuously objected to the sale throughout the proceedings.

■ In order for the court to direct the sale of the property, the court must find, under the law, on this issue of fact. Therefore, it became necessary for the court to hear evidence to determine such issue, and we hold that a "hearing," as referred to in § 19-809, O. C. L. A., contemplates, where there is an objection to the sale, the taking, at the hearing, of evidence to sustain the petition for the sale, and that the burden of proof is upon the petitioner to prove the allegations of the petition for sale.

■ By reason of the failure of the court to hear evidence in support of the petition to sell the real property, appellant did not have her day in court, and therefore, the order of sale was invalid.

It will not be necessary to consider the other assignments of error or points raised in appellant's brief in view of the foregoing. Reversed.