JOSEPH BOHN *et al.*, Appellants, *v.* ALBERT G. HATCH, Respondent.

*Court of Appeals, April 12, 1892.*

1. *Real property. Improvements.*—To move a court of equity to support a claim for the improvements put upon the property of another, it should at least appear that the occupants had acted upon a belief as to their title, which had some probable basis, and that the real owners, knowing of their acts, suffered them to go on without notifying them of the actual condition of the title.
2. *Same. Lease.*—The subsequent acceptance of a lease of the premises by the occupants from the owner is a recognition of the title in the lessor, which, when considered in connection with the absence of any legal title or estate in them, operates as a waiver of any claim for improvements.
3. *Former adjudication. Bar.*—An adjudication in a prior litigation bars any inquiry, in another action between the same parties, into matters involved in, and necessarily passed upon by, the judgment in the former action.
4. *Real property. Claim.*—To maintain an action under the provisions of section 1638 of the Code of Civil Procedure, the plaintiff must show possession under some claim of title.

Appeal from a judgment of the superior court of Buffalo, general term, affirming judgment in favor of defendant dismissing plaintiffs' complaint.

*O. C. De Witt*, for appellants.

*E. L. Parker*, for respondent.

GRAY, J.—This action was brought by plaintiffs to restrain the defendant from prosecuting in the municipal court of Buffalo proceedings to summarily remove them from premises in their occupation, and to have their equitable interest in and to the same adjudged. Their complaint was dismissed

at the trial term of the superior court of Buffalo, and the judgment of dismissal was affirmed upon appeal to the general term. The opinions delivered upon each occasion were very full in their discussion of the questions, and leave little for us to say now in further affirmance of the judgment.

In 1865 the plaintiff, Joseph Bohn, obtained permission from Jesse Peck to move a small house upon some land proposed to be made by filling in on the bank of a stream. The allegations of the complaint and the evidence first given by plaintiff placed his entry into possession of the premises upon the ground of a mere license to occupy them; but, subsequently, he changed his evidence and testified that Jesse Peck told him to fill up the land and that, if he did so, he would give him a portion of it. The latter aspect of the case for the plaintiffs would be, of course, the more favorable one to them; inasmuch as such an agreement with an owner of the land would be based upon some consideration and give strength to the claim of the plaintiffs for equitable relief. But the difficulty in the way of any equitable relief lies in the utter failure of the evidence to prove any title, or sufficient authority, in Jesse Peck. At the time the record title and the ownership of the premises were in Francis and Charles Peck, who were in California. They were sons of Jesse Peck; but it did not appear that he ever had any authority from them to create any interest, or rights in, or to the premises. Nor did it appear that the owners ever knew of plaintiff's entry; or that there was any ratification of what Jesse Peck had done. He is dead, and the extent of any authority in him to deal with the property turns upon evidence of circumstances which fall short of establishing the fact.

Certainly, there was no evidence competent to prove the existence of any power in Jesse Peck to grant any rights in connection with the property in question. With no action by the owners and with no authority in Jesse Peck, who,

we may even assume from the evidence, exercised some
supervision over the property, I cannot see that the claim
of the plaintiffs has any foundation in facts upon which
equity can rightly intervene for their protection. The mere
assumption of Bohn at the time of his entry that Jesse Peck
had the title to, or some delegated power over, the property,
from the circumstances of his taking care of it or from ap-
pearances, did not warrant nor protect him in entering upon
and occupying the land. No property rights can be pred-
icated upon what was mere assumption and which the
slightest investigation of title, or of the authority of the
presumed agent, would have demonstrated to be baseless.
To move a court of equity to support a claim for the im-
provements put upon the property of another, it should at
least appear that the occupants had acted upon a belief as to
their title which had some probable basis; and that the real
owners, knowing of their acts, suffered them to go on with-
out notifying them. It further appears that in 1875, ten
years afterward, plaintiff Bohn took a lease in writing of
the premises for three years from George DeWitt Clinton,
agreeing to pay an annual rental therefor. In a proceeding
in the Buffalo municipal court, brought by this defendant
and another, as the owners of the property in fee through a
conveyance of Clinton's title, to remove these plaintiffs for
default in the payment of rent, a judgment was had, upon
issues raised and tried, which established the lease and the
lessor's title. In that proceeding, the tenants, these plaint-
iffs, by their answer put in issue the title to and the leasing
of the premises, as well as the other allegations of the
petition as to their indebtedness for rent and of their holding
over after default. The final order of the municipal court
was, upon appeal to the superior court, affirmed there, and
the judgment is conclusive upon these plaintiffs as to the
defendant's title. They claim the right to attack the
validity of the judgment on the ground that the lease was
void; but the dispute over the lease and all questions con-

cerning its validity ended, as to these parties, with the termination of the litigation by the judgment of affirmance in the superior court. The adjudication in that litigation has barred any inquiry, in another action between the same parties, into matters involved in and necessarily passed upon by the judgment in the previous action.

These plaintiffs are in no position to assert any title to the land, or to claim payment for the improvements made upon it. In any way their case is regarded, it is defeated for the want of any title or authority in Jesse Peck, through whose acts they claim; and the subsequent acceptance of a. lease of the premises was a recognition of the title in their lessor, which, when considered in connection with the absence of any legal title or estate in them, I consider to have amounted to a waiver of any claim for improvements.

The appellants attempt to found some right upon a tax sale two years prior to the lease; but the certificate received then conferred no title to, nor any estate in the premises. There was nothing in that, nor in the existing conditions, upon which to found a claim of adverse possession, which would, as appellants' counsel argues, entitle them to maintain this action as against the grantees of the former owner. Under § 1638 of the Code, to which he refers, the possession of the property must be under some claim of title, in order to maintain the action. This is not an action which that section authorizes.

A careful consideration of this case compels the conclusion that there is no ground for the award of any equitable relief. To support a claim for an accounting, in a case where the plaintiffs have failed to prove any legal inception of their occupation, under some actual or implied grant of rights from the owner of the property, and where their entry was only under the permission of one standing in no relation of ownership or of agency, would be contrary to legal principles and without any precedent that I am referred to, or am aware of.

The judgment appealed from should be affirmed, with costs.

All concur.

---

NOTE ON " DETERMINATION OF CLAIM TO REAL PROPERTY."

The case of Brown *v.* Teel, 59 Hun, 91, referred to in note in 3 Sil. (Ct. of App.), 148, was affirmed, without opinion, in 128 N. Y. 678.

Since the note on this subject, in 3 Sil. (Ct. of App.), 148, was written, an amendment to § 1638 *et seq.* of the Code of Civil Procedure has been passed which, among other matters, permits an action to compel the determination of claims to real property to be maintained against an infant, etc., subject to the right of a new trial as prescribed in § 1646, as amended by same act. Chap. 210 of 1891. For the amendments to said section made by this act, see Code Amendments of 1891, issued by Banks & Bros.

In an action to determine claims to real estate, under §§ 1638, 1639 of the Code, an injunction *pendente lite* may properly be granted to restrain the prosecution of ejectment suits brought against the plaintiff. Cuthbert *v.* Chauvet, 37 St. Rep. 941.

Where the plaintiff in an action to determine claims to real property after the vacation of ejection against him, the action may be revived against a devisee of the subject matter of the suit, and he may be compelled to proceed therein. Higgins *v.* Mayor, etc., 45 St. Rep. 696. It cannot be that litigations, which are instituted by the owners of real estate for the purpose of determining the claims thereto, can be relieved from all the effects of such litigation, in case they have not been finally determined, by reason of their death. Id. There can be no question that, if the devisee of the owner should elect to proceed with the action, he would be entitled, as a matter of right, to have been substituted and to have derived all the benefits which might accrue from a favorable adjudication thereon. Id. Nor can it be said, because the adjudication has been averse, that, therefore, he cannot be brought in as the successor in interest and be bound by such adjudication. Id. The devisee takes his devise subject to all its incumbrances, of which the pendency of such action is one, and cannot complain that the order of substitution deprives him of the right to a new trial, to which he would be entitled under the Code if the action had not been commenced by his predecessor. Id.

Under § 1638 of the Code, the possession of the property must be under some claim of title, in order to maintain the action. Bohn *v.* Hatch, 44 St. Rep. 257.

A case, properly one of equitable cognizance, is clearly not within the statutory rule which prescribes three years' actual possession in the plaintiff before an action can be maintained to determine conflicting claims to