WILLIAM BROWN and LAWRENCE BROWN, Respondents, *v.* LODEMA M. CRABB, Appellant.

1. FRAUD — QUESTION OF FACT. When the question of fraud is one of fact, its determination by the verdict of a jury, affirmed by the General Term, is conclusive upon the Court of Appeals.

2. ACTION TO COMPEL DETERMINATION OF CLAIM TO REAL PROPERTY — PLAINTIFF'S TITLE. One who is in possession of real property, claiming it in fee under a deed from the prior owner, given in consummation of a verbal agreement of purchase which has been performed and under which possession was taken, has a title which enables him to maintain an action under section 1638 of the Code of Civil Procedure, to compel the determination of a claim to the property, asserted by a third party under an execution sale and sheriff's deed, had and executed after the plaintiff had received his deed, and based upon an attachment against the prior owner, levied upon the property before the plaintiff received his deed, but after the agreement of purchase and while the plaintiff was in possession.

3. STATUTE OF FRAUDS — CONSUMMATED VERBAL AGREEMENT. The Statute of Frauds has no application to affect the title of the plaintiff in an action to compel the determination of a claim to real property, where he entered into possession under a verbal agreement for the land, which has been fully executed and consummated by a deed before the commencement of the action.

*Brown* v. *Crabb,* 82 Hun, 614, affirmed.

(Submitted June 13, 1898; decided October 4, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fourth judicial department, entered December 11, 1894, affirming a judgment in favor of plaintiffs entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lansing & Lansing* for appellant. The plaintiffs cannot maintain this action, and the court erred in refusing, at the close of the evidence, to dismiss the action on defendant's motion. (Code Civ. Pro. § 645; § 649, subd. 1; § 708, subd. 2; §§ 1242, 1440, 1446, 1447, 1471, 1671; *Stern* v. *O'Connell,* 35 N. Y. 104; Code of Pro. § 132; Drake on Attachment, § 221; *Ex parte Stevens,* 4 Cow. 133; *Ex parte Elwood,*

1 Den. 633; *Russell* v. *Allen,* 10 Paige, 249; *Rector, etc.,* v. *Mack,* 93 N. Y. 488–492; *Batterman* v. *Albright,* 122 N. Y. 484–489; *Hetzel* v. *Barber,* 69 N. Y. 1–9; *Barnard* v. *Simms,* 42 Barb. 304–309; *Haynes* v. *Onderdonk,* 2 Hun, 619; *Austin* v. *Goodrich,* 49 N. Y. 266; *Brown* v. *Teel,* 59 Hun, 91–94; 128 N. Y. 678; *Center* v. *Weed,* 18 N. Y. Supp. 554, 556; *Moyer* v. *Hinman,* 13 N. Y. 180.) The alleged contract of purchase by the plaintiffs from Philip Brown was void, not being in writing. (4 R. S. [8th ed.] 2589, § 8; 2590, § 10.) The payments which the plaintiffs made in pursuance of the verbal agreement of sale were not sufficient to authorize the court to make the contract valid on the ground of part performance. (1 Story's Eq. Juris. §§ 760, 763; Brown on Frauds, §§ 461, 477.) The payments made on the contract and the building of the house on the premises by the plaintiffs as they allege under the circumstances were not sufficient part performance to authorize the court to hold the contract valid. (1 Story's Eq. Juris. § 764.)

*Purcell, Walker & Burns* for respondents. The plaintiffs have a title to the premises sufficient to authorize them to maintain the action. (Code Civ. Pro. § 1638; *Schroeder* v. *Gurney,* 10 Hun, 413, 417; *Beddoe's Exr.* v. *Wadsworth,* 21 Wend. 120; *Fowler* v. *Poling,* 2 Barb. 300; 6 Barb. 166; *Craft* v. *Merrill,* 14 N. Y. 456; 73 N. Y. 430; 132 N. Y. 100; 133 N. Y. 64; 136 N. Y. 10.)

O'BRIEN, J. This is an action to compel the determination of a claim to certain real property brought under section 1638 of the Code. It is alleged, and the jury upon sufficient evidence found, that on March 1, 1887, the plaintiffs, as tenants in common, agreed to purchase the land in dispute from the then owner. The agreement was not in writing, but the plaintiffs, in pursuance of a verbal agreement of sale and purchase, went into actual possession, paid a part of the purchase price, have since paid the taxes, cultivated and improved the land and erected a house thereon. They have also paid and satisfied a pre existing mortgage which they had assumed as

part of the purchase price.   On the 31st of March, 1890, having fully performed the agreement, they received a deed from the owner, one Philip Brown, in pursuance of the agreement.

The defendant claims title under a sheriff's deed executed March 10, 1893, and a sale upon execution May 16, 1891. The deed, judgment and execution are based upon an attachment in an action against Philip Brown, the plaintiff's vendor, levied upon the land February 4, 1890, and before the plaintiffs procured their deed, but after the agreement and while they were in possession.

The jury found for the plaintiffs on all the issues of fact in the case, and the judgment upon the verdict has been affirmed at the General Term.

The defendant's contention in support of the appeal is two-fold: (1) That the agreement under which the plaintiffs went into possession of the land, and which is the basis of their title, was not in good faith, but a device contrived between themselves and Philip Brown, the vendor, and their relative, for the purpose of defeating the payment of the claim of the defendant, sought to be enforced by the action in which the attachment was issued, and which subsequently matured into a judgment under which the execution sale was had.   With respect to this question it is quite sufficient to say that it was a question of fact which has been determined by the verdict against the defendant.   The jury has found that there was no fraud in the transaction, and this finding concludes the defendant upon appeal in this court.

(2) The other contention is that the plaintiffs had no such title to the land as the statute requires in order to enable a party to maintain this peculiar form of action.   The plaintiffs were bound to show that they were in possession of the land, claiming it in fee or for life or for a term of years.   They claimed to be the owners in fee under the deed from the prior owner.   This deed, though given subsequent to the levy of the attachment under which the defendant claims, was but the final consummation of the pre-existing verbal agreement under which the plaintiffs went into possession.   When

this deed was given the verbal agreement had been performed and the plaintiffs were entitled to the conveyance. It may be true that when the attachment was levied the naked legal title was in the defendant named in that process, but he had no real or beneficial interest upon which a legal lien could be based. The plaintiffs had the whole equitable title, with the possession and the right of possession. Their vendor, against whom the attachment issued, was at most but a trustee of the legal title for their sole benefit. The legal title was subsequently conveyed to them by the deed, and when this action was commenced the plaintiffs had just such a title as the statute requires in order to enable a party in possession to maintain an action to determine a hostile claim. When a party is in possession of land under a contract of sale, verbal or written, which has been fully performed, he is, in every substantial sense, the owner, and may defend and protect his possession and interest in the same way as if he had a deed. He is then entitled to a conveyance from the party holding the nominal title for his benefit; and if, before such conveyance is executed, third parties recover judgment against the trustee, the lien of such judgment does not attach to the land which the party in possession has bought and paid for. When possession is taken and the contract performed, equity will regard as done what ought to have been done. We think that the plaintiffs had such a title as to enable them to bring and maintain the action, and so it has been held. (*Schroeder* v. *Gurney*, 10 Hun, 413; affd., 73 N. Y. 430; *Bohn* v. *Hatch*, 133 N. Y. 64; *Kent* v. *Church of St. Michael*, 136 N. Y. 10; *Diefendorf* v. *Diefendorf*, 132 N. Y. 100.) The Statute of Frauds, even had it been pleaded (*Crane* v. *Powell*, 139 N. Y. 379), has no application to such a case. The contract was fully executed, and before the commencement of this action was merged in a deed which vested the legal title in the plaintiffs.

The judgment should be affirmed, with costs.

All concur, except MARTIN, J., not sitting.

Judgment affirmed.