MARY E. BROWN, Respondent, *v.* PATRICK DOHERTY et al., Appellants.

REAL PROPERTY — WHEN DEED EXECUTED BY ONE OF TWO EXECUTORS HAVING POWER OF SALE IS VALID. A sale of real estate by two co executors under an imperative power of sale contained in the will, conducted at public auction with the usual formalities, and the purchase price paid by an assignee of the highest bidder, vests the title in him, although a deed was subsequently given signed by only one of the executors, where it appears that both executors were present and participated in the sale; that the other executor during his lifetime neither objected

nor in any manner contested the purchaser's title, and that no proceedings were taken by the heirs, who were infants at the time of testator's death, and became of age ten or eleven years after the sale, to rescind it or contest the title. The statutory requirement that where a power is vested in several persons, all must unite in its execution, was in this case complied with in effect by the actual sale made by the executors, the deed being but an incident by which the purchaser was let into possession; and he may maintain an action for equitable relief under article 5, title 1, chapter 14 of the Code of Civil Procedure, to establish his title by judgment.

*Brown* v. *Doherty*, 93 App. Div. 190, affirmed.

(Submitted May 24, 1906; decided June 12, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 3, 1904, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The plaintiff, claiming to be the owner in fee, and to have been in the possession for over twenty-three years, of certain real estate, brought this action against the defendants to determine the title and to bar them from all claim thereto. The defendants denied the plaintiff's title and set up their title to the estate as devisees under their father's will. The premises, originally, belonged to Thomas Doherty, or Dougherty, who died seized thereof in 1874. He left a will, by which he made a disposition of all of his property. After directing the payment of his debts etc. and making a gift of his household effects to his wife, by the 3d clause, he gave to his wife, during the time she should remain his widow, the use and benefit of certain parcels of land. The 4th clause disposed of the property so given to his wife, upon her ceasing to be his widow, by dividing the same equally among his children. The 5th clause reads as follows: " I give and bequeath unto my executors, to be hereinafter appointed, the rest, residue and remainder of my personal and real estate. In trust, nevertheless, and I do hereby by this my last will and testament authorize my executors hereinafter appointed to rent, sell, or dispose of the rest, residue and remainder of my said real estate, either at public or private sale as they may deem most advantageous to my estate, and to execute good and

sufficient deed or deeds for the same and to place the residue of the money, after paying my just debts as hereinbefore directed, arising from such sale or sales, at interest and to pay to my said wife, so long as she shall remain my widow, such income arising therefrom for the support and maintenance of my said infant children, during their minorship or infancy. And after the said Margaret Dougherty shall cease to be my widow, I give and bequeath to my said children, Patrick Dougherty, John Dougherty and James Dougherty, equal, share and share alike, all the estate both real and personal, that may remain in the hands of the said executors at the time the said Margaret Dougherty shall cease to be my widow. And I do also authorize and direct my said executors, in case of the sale of my real estate, as already provided for, to sign, seal, execute and deliver good and sufficient deed or deeds of conveyance in the law for conveying the said real estate to the purchaser or purchasers thereof." He appointed his brother Patrick and Hugh Lunny to be his executors and both qualified. In 1878 the premises in question were sold and the finding of fact is that the executors sold the same at public auction, after advertising the sale in the usual way in a newspaper published in the county in which the property was located. The notice was entitled " Executors' sale of valuable property ; " stated that " the executors will sell the real estate of Thomas Doherty, deceased, on August 1st, 1878, at 2 P. M., on the premises ; " described their advantageous situation ; declared that they " will be sold to the highest bidder, without reserve, for cash " and bore the names of both executors. It is, further, found that " both of the executors were present at the sale, and sold the said premises, which were struck down by the said Hart (the auctioneer) to one Patrick Kedney, the purchaser at said sale, for the sum of $400, said amount being the highest bid ; " that Kedney assigned his bid to James F. Brown ; " that said Lunny, being present and participating in said sale, made no objection thereto and that he lived for over twelve years thereafter and during that time, in no way,

contested the claim of title of the plaintiff, or her grantors, to said premises; that said Patrick Doherty, one of the said executors, made, executed and delivered to said James F. Brown, on August 5th, 1878, a deed of said premises, in the usual form of executor's deed, for the consideration of $400; that the said James F. Brown paid * * * the sum of $400, to said Doherty * * * and * * * thereupon entered into possession of said premises" and the deed was duly recorded. Brown, in the same year, conveyed the premises to one Bauer, who, immediately, reconveyed to Brown's wife, this plaintiff. It was found that she, immediately, entered into possession of the premises under her deed; that she has been in continuous possession thereof ever since and that she has paid the taxes since assuming such possession. Upon these facts the legal conclusions were reached that the title to the premises, upon the death of Thomas Doherty, was vested in his surviving children, subject to be divested by the exercise of the power of sale vested by his will in the executors thereof; that that power had been duly exercised by the executors and the defendants were divested of their title to the premises and that the same had become vested in the plaintiff; that Lunny, as one of the executors, participated in and approved and ratified the sale and the consummation thereof by the delivery of the deed of his co-executor to Brown; "that the plaintiff having been in possession of the premises for more than twenty years and more than ten years after the defendants had attained their majority, the defendants are precluded from setting up their claim by reason of the Statute of Limitations." Judgment was entered in favor of the plaintiff, barring the defendants from any claim of title to, or estate in, the premises described and adjudging that plaintiff is the owner in fee simple absolute thereof. The judgment was affirmed by the Appellate Division, in the first department, and the defendants have appealed to this court.

*George W. Carr* for appellants. Defendants established their title to these lands and their right to the possession of

them. (*Matter of Tienken,* 131 N. Y. 391.) The deed by Patrick Doherty to James Brown, delivered in an attempted performance of such assumed contract, being a deed by one of two executors having joint power of sale, or of two trustees, is void and conveyed no title. (*Brennan* v. *Willson,* 71 N. Y. 502 ; *Wilder* v. *Rawney,* 95 N. Y. 7.)

*A. C. Hottenroth* and *F. W. Hottenroth* for respondent. Both executors joined in the auction sale of the property on August 1, 1878, and were bound by the contract. (*McComb* v. *Wright,* 4 Johns. Ch. 659 ; *Thompson* v. *Simpson,* 128 N. Y. 272 ; *E. C. S. Bank* v. *Roop,* 48 N. Y. 292 ; *Newtown* v. *Bronson,* 13 N. Y. 587 ; *Walsh* v. *H. Fire Ins. Co.,* 73 N. Y. 5.) The sale of the property having been completed, the delivery of the deed followed as a mere incident, and did not require the exercise of the discretion of the executors for the execution of the provisions of the will. (*Roe* v. *Smith,* 97 App. Div. 507 ; *Bunner* v. *Storm,* 1 Sandf. 357 ; *Niles* v. *Sherwood,* 4 Den. 399 ; *House* v. *Raymond,* 3 Hun, 44 ; *Stewart* v. *Hamilton,* 37 Hun, 19 ; *Taylor* v. *Morris,* 1 N. Y. 341 ; *Sharp* v. *Pratt,* 15 Wend. 610 ; *Legett* v. *Hunter,* 19 N. Y. 445 ; *Matter of Robinson,* 37 N. Y. 261 ; *Roseboom* v. *Mosher,* 2 Den. 61, 69 ; *Mott* v. *Ackermann,* 92 N. Y. 553 ; *Brunner* v. *Meigs,* 64 N. Y. 506.) The title of James F. Brown became complete without the delivery of a deed, upon payment of the purchase price. (Gerard on Real Prop. 478 ; Washb. on Real Prop. § 1503 ; *Chase* v. *Peck,* 21 N. Y. 581.) The defendants appellants are estopped from questioning the title of the plaintiff respondent. (*Blair* v. *Wait,* 69 N. Y. 113 ; *C. Nat. Bank* v. *Nat. Bank,* 50 N. Y. 575.)

GRAY, J. This action, which is brought under the provisions of article V of title I of chapter XIV of the Code of Civil Procedure, is peculiar in its features and is not, perhaps, free from difficulty, with respect to the determination of the conflicting claims to the title to the premises described in

the complaint.   I have reached the conclusion that the judgment was correct in adjudging the title to the plaintiff, upon the ground that there was a sale by the executors, in execution of the power of sale, and, under the facts of the case, that the ownership, and the right to the possession, of the property sold have become vested in her.

The fifth clause of the testator's will contained an imperative power to dispose of his residuary estate.   It was not dependent upon the will of the executors and the testator's purpose was to create from a residue, which should remain after the payment of his debts, an interest-bearing fund for the benefit of his children, while minors.   The power was given to the executors, qua executors, and they, accordingly, proceeded to execute it as such.   The finding of fact is that they did sell the real estate at public auction, through an auctioneer, upon a published notice, over their names, of the time and place, and that the premises in question were struck down by the auctioneer to Kedney, as the highest bidder. Kedney assigned his bid to Brown; who paid to Doherty, one of the executors, the sum at which the premises had been struck down at the sale, and received a deed thereof from Doherty, as executor.   For no assigned reason, the other executor did not join in the conveyance and died some years later and twelve years before the plaintiff commenced her action without contesting plaintiff's title.   These defendants, who were infants when the testator died, are his sole surviving children and heirs at law and they became of age some ten and eleven years, respectively, after the sale and the plaintiff's entry into possession.   During the twelve, or thirteen, years, intervening before this action was commenced, no proceeding was taken by them with reference to the sale, or to the plaintiff's possession.   We have, therefore, in the facts, established by the findings, upon evidence, and by the affirmance of the judgment by the Appellate Division, an execution of the power of sale by the executors through a public sale to the highest bidder.   The auctioner was the agent of the executors, for making the sale, as he was for the vendee, for

the purpose of the memorandum of sale. (See *M'Comb* v. *Wright,* 4 Johns. Ch. 659; also, 3 Amer. & Eng. Ency. of Law, 509.) The assignee of the purchaser at the sale paid the whole of the consideration money to one of the executors and all that was needed to perfect the transaction of sale was that Lunny should unite with his co-executor in the deed, or, himself, execute a deed. This was not a case of the non-execution of the power of sale, but of a defective execution; because the intention to execute the power was effectuated by the actual sale. The deed was but an incident, and the final consummation, of a sale under which the plaintiff, or her predecessor in the title, was let into possession. The case is one where equity should grant relief, which may be administered through these provisions of the Code. (*Brown* v. *Crabb,* 156 N. Y. 447.) The general rule, undoubtedly, is that trustees must unite in a disposal of the trust estate and a deed of land from less than all the living trustees is invalid. (*Brennan* v. *Willson,* 71 N. Y. 502.) But this case is not, by reason of the circumstances, bound by the rigid requirements of that general rule. The requirement of our statutes, that, where a power is vested in several persons, all must unite in its execution, was complied with, in effect, by the actual sale made by the executors. It would be a most harsh and inequitable application of the statute, if, after executing the power by this sale, the subsequent death of one of the executors, who had united in the selling, but who had not joined in a conveyance, should, from the impossibility of procuring, or compelling, his deed, result in avoiding the plaintiff's title. The estate of the testator received the consideration moneys and neither executor, nor devisee, at any time attempted to rescind the sale, or to contest the title. If Lunny, unreasonably, or without any reason, neglected, or refused, to execute a deed in consummation of the sale, he must be regarded as refusing to perform his duty under the will. If his death prevented any legal steps from being taken against him, equally, can it be said that it terminated what opposition he could have made

to the plaintiff's ownership. The surviving executor had given a deed and there is nothing that can now be done, further, to complete the plaintiff's title.

The plaintiff was the owner of the whole equitable title, having the possession and the right to the possession. The sale and the agreement of purchase having been performed by the payment of the price and the taking of possession, equity will now regard as done what should have been done. The most that can be said of the defendants' position is that if, by the failure of the purchaser to receive an adequate conveyance, upon the execution of the power of sale by the executors, the legal title has not passed, then they, as heirs, are trustees of the legal title for the plaintiff's benefit. (See *Brown* v. *Crabb, supra.*) While an action for specific performance may not be maintainable by the plaintiff, in this action the provisions of the Code, previously referred to, sufficiently warranted the court in rendering the judgment below, which barred the defendants' claim of title and which established the ownership of the plaintiff. I think that the Code provisions fulfill the equitable rule by permitting the court to establish by a judgment, in such an action, that, which ought to have been done.

In the view I have taken, it becomes unnecessary to discuss the question of whether title has been gained by the plaintiff through an adverse possession during the twenty-three years of her occupation. Upon the authority of *Howell* v. *Leavitt,* (95 N. Y. 617), it would hardly appear that the facts of this case bring the defendants, who were infants at the time of the sale, within the provisions of section 375 of the Code of Civil Procedure.

For the reasons given, I advise the affirmance of the judgment below, with costs.

Cullen, Ch. J., Edward T. Bartlett, Haight, Werner and Hiscock, JJ., concur; O'Brien, J., absent.

Judgment affirmed.