## WHEELOCK v. LAKE.

1. ADMINISTRATOR'S SALE—INFANT HEIR—GUARDIAN.
   It is not essential to the validity of an administrator's sale that a guardian *ad litem* be appointed for an infant heir already represented by general guardian.

2. SAME—ORDER OF CONFIRMATION—GOOD-FAITH PURCHASER.
   A good-faith purchaser may rely upon an order of confirmation of an administrator's sale as showing that the facts necessary to be ascertained by the probate court before such an order may lawfully be entered were so ascertained.

Error to Benzie; Aldrich, J. Submitted April 8, 1898. Decided May 6, 1898.

Ejectment by Amy A. Wheelock against Emma J. Lake and Merrill L. Lake. From a judgment for defendants, plaintiff brings error. Affirmed.

*Tweddle & Cross* (*Dodge & Covell*, of counsel), for appellant.

*Patchin & Loranger*, for appellees.

LONG, J. This is an action of ejectment. The cause was tried before the court without a jury, and findings of fact and law made. The claim of the plaintiff is that in March, 1885, the title to the land rested in Ann Wheelock, who died intestate March 12, 1885, leaving surviving her seven children; that at that time the plaintiff was 9 years of age, and, as heir at law, entitled to one-seventh interest in the land. She is now 21 years old, and asserts her title to the seventh interest. On the part of the defendants it is claimed that the premises were sold in 1886, at administrator's sale, to William Wheelock, and by him deeded to defendants in 1887. They have been in possession of the premises since that time. It appears from the findings of the court below that all the proceedings for the appointment of an administrator were regular; that a petition was made by the administrator for the sale of the premises, and the order granted; that the sale was made October 4, 1886, for $531; that Mary Ann Clark was the duly-appointed guardian of the plaintiff, having given the requisite guardian's bond; that, after the sale of the premises, the probate court made an order of distribution of the estate, and the administrator paid over to the plaintiff's guardian the share of the estate belonging to her.

The court found, as matter of law, that all the proceedings being regular, and the guardian of the plaintiff having received the plaintiff's share of the proceeds of the sale of the premises, the plaintiff could not recover. In this we think the court was not in error. The petition for the sale set forth that "the condition and location of the premises is such that they cannot be partitioned and distributed

among the heirs without great injury to the same, * * * and that it is necessary, and for the interest of the persons interested, that the same be sold for the purpose of distribution." It is provided, among other things, by section 6050, 3 How. Stat., that:

"When a person shall die intestate, and it shall be shown to the satisfaction of the probate judge having jurisdiction of the case that it is necessary, or for the interest of the persons interested in the estate of such intestate, to sell the real estate of such intestate person for the purposes of distribution, the administrator may be licensed to sell the real estate of such person in the same manner and upon the same terms and conditions as are prescribed in said chapter in the case of a sale for the payment of debts."

Mrs. Ann Wheelock died intestate. The petition for sale was in form a sufficient compliance with this statute to give the probate court jurisdiction to order the sale. The order of confirmation was duly entered after the sale, and the probate court, under section 6045, 3 How. Stat., was authorized to enter it if it were found that the sale was legally made and fairly conducted, and that the sum bid was not disproportionate to the value of the property sold, or, if disproportionate, that a greater sum could not be obtained. It must be presumed that these facts were ascertained by the probate court before the order of confirmation. Such deeds are *prima facie* evidence of the regularity of the proceedings required by law anterior to the making thereof, and of the authority of the administrator to execute the same. 2 How. Stat. § 5678. We find nothing in this record showing that the sale was not fairly conducted, or that the amount bid was disproportionate to the value, even if that question were an open one in this collateral attack. It is true, as claimed, that no guardian *ad litem* was appointed for the plaintiff prior to this sale; but she had a general guardian, who acted for her, and who, under section 6323, 2 How Stat., was fully authorized to do so, where no other guardian was appointed. Such general guardian may join in and assent to a partition of the estate, by virtue of section

6325. It was found to be for the best interests of the parties that the estate should be sold, instead of partitioned, and the order was so made. The guardian acquiesced in this, and accepted for the ward her share of the proceeds. The ward is not now in a position, as shown by this record, to assert title to the lands. The defendants were purchasers in good faith, and had a right to rely upon the order confirming the sale. *Averill* v. *Jackson City Bank*, 114 Mich. 20.

Some question is raised upon the requests for further findings in the case, and the exceptions to the refusal. We find nothing in that question calling for discussion.

The judgment is affirmed.

The other Justices concurred.