## BROWN *v.* HANNAH.

1. Executors and Administrators — Administrator — Premature Appointment—Filing Bond.

That letters of administration bear date earlier than the filing of the administrator's bond does not render his appointment void under section 9325, 3 Comp. Laws, since the presumption would be that the statute was not disobeyed and that the letters were not delivered until after the bond was filed; but even if delivery preceded the filing of the bond it would be a mere irregularity, cured by the subsequent filing of the bond, the order of appointment not having been vacated, and acts done by the administrator after filing the bond would be valid.

2. Same — Sale of Land—Order — Publication — Clerical Defect.

The publication of an order of hearing of an application to sell land was not defective as variant from the order as made by reason of the year of the session of the court being stated 1896 in the publication and 1897 in the order, where both fixed "Friday, the nineteenth of February next," as the day of the hearing, the error being a clerical one which could mislead nobody.

3. Same—Sale—Several Parcels—Sale as One—Effect.

The sale of several lots as one parcel under an order directing their sale separately is a mere irregularity not subjecting the sale to collateral attack.

4. Same — Sale Subject to Widow's Homestead Rights — Effect.

The sale of several lots as one parcel, subject to the widow's homestead rights, when in fact she had such rights in only one lot, is a mere irregularity not subjecting the sale to collateral attack.

5. Guardian and Ward — Appointment of Guardian — Residence of Ward—Jurisdiction.

Under section 8708, 3 Comp. Laws, the probate court of one county may appoint a guardian for a minor residing in another county, the minor being a necessary party to administration proceedings in the county of the appointment.

Error to Grand Traverse; Mayne, J. Submitted January 22, 1908. (Docket No. 123.) Decided March 31, 1908.

Ejectment by Homer G. Brown and others, by next friends, against Elsie R. Hannah and others. There was judgment for defendants, and plaintiffs bring error. Affirmed.

*Hervey H. Anderson* and *John W. Patchin*, for appellants.

*Pratt & Davis*, for appellees.

Hooker, J. Thomas Cutler, Sr., died in December, 1894, seised of four lots in block 2, Traverse City, Michigan, numbered, respectively, 7, 8, 9, 10. He left surviving him a widow, Rachel, and his heirs were two sons, John D. and William H. Cutler, and two granddaughters, Alice Cutler Brown and Birdie Sybil Brakel, the daughters, respectively, of Thomas Cutler, Jr., and George Cutler, deceased sons.

On May 7, 1895, Alice Cutler Brown filed in probate court a petition for the appointment of an administrator

of her grandfather's estate, and on June 7, 1895, an order was made appointing Henry D. Campbell such administrator, and letters bearing the same date, signed by the probate judge and indorsed:

. "The probate court for the county of Grand Traverse. Estate of Thomas Cutler, deceased. Letters of administration, June 7, A. D. 1895.

(Signed)                       "JAMES H. MONROE, ·
.                                        "Judge of Probate."

are found in the record. The administrator's bond bears date July 8, 1895. The real estate involved in this suit was appraised at $20,000. On June 7, 1895, the probate court appointed Henry D. Campbell guardian of Birdie S. Brakel, who was a minor living in Wexford county, and William A. Brown was at some later date appointed guardian for his children, Homer G. and Gladys Brown.

Alice Brown died testate in 1896, leaving two children, her only heirs and devisees, named Homer G. and Gladys Brown. The widow died before this action was brought. A claim for $14,272 was presented by John D. Cutler, and this was allowed at $3,924.71 on January 26, 1897. It was the only claim presented, and on January 30, 1897, it was assigned to Julius T. Hannah. On January 25, 1897, the administrator filed a petition to sell all of this real estate to pay debts, and on January 26, 1897, an order for hearing on February 19, 1897, was made, said order to be published in the Grand Traverse Herald. Proof of such publication appears to have been made. At the hearing, plaintiffs in error in this case did not appear. A license to sell was ordered, sale was made to Julius T. Hannah, for $6,000, of all of the real estate subject to the rights of widow by way of dower and homestead, the sale was confirmed, and deed was made. There were some outstanding tax titles on the property. Hannah afterwards conveyed lots 9 and 10 to John D. and William H. Cutler, and portion of lots 7 and 8 to other persons. Subsequently Hannah died, and this action is brought against his widow (presumably devisee) and executors, to recover the undi-

vided one-half of certain described portions of lots 7 and 8, which plaintiffs claim in fee. The plaintiffs have brought it to this court by writ of error, judgment of no cause of action having been entered.

Counsel agree that the case must turn on the validity of the probate proceedings, the important objections to which seem to be:

(1) That the letters of administration were prematurely issued and conferred no authority upon the administrator to act.

(2) Variance between the order of hearing on the petition to sell as made and published.

(3) Sale of the lands in one parcel.

(4) Sale of the same subject to the widow's homestead rights, when she had such rights in only one of the lots.

(5) The appointment of Campbell by the probate court of Grand Traverse county guardian of a minor residing in Wexford county.

1. Letters of administration. The statute relied upon for the claim that the administrator's letters were void is 3 Comp. Laws, § 9325:

"Every administrator, before he enters upon the execution of his trust, and before letters of administration shall be granted to him, shall give a bond to the judge of probate, with such surety or sureties as he shall direct and approve, with the same conditions as required in the case of an executor, with such variations only as may be necessary to make it applicable to the case of an administrator."

It will be remembered that the bond was not filed until July 8, 1895. In one sense the letters were granted to him on June 7th, i. e., the order appointing him was made that day, and the letters were dated that day. There is nothing to show that they were delivered before the bond was filed, for his first act in the execution of his trust was on July 27th, when he made the inventory, while the presumption should be that the probate judge did not disobey section 9325. Therefore, if the question is one that can be raised in this proceeding, and if it be true that the letters bear

an earlier date, we will not assume that they were delivered before that date. Moreover, letters of administration are the evidence of appointment and qualification, and though they should be prematurely delivered would not render the appointment void. The action of the probate court in prematurely delivering them would be an irregularity, but this would be cured by the subsequent filing of the bond, and all subsequent acts of the administrator would be valid, for by filing the bond he qualifies under the order appointing him, if it had not been vacated. See 11 Am. & Eng. Enc. Law (2d Ed.), p. 810; 18 Cyc. pp. 128, 131, 138, 140; *Johnson* v. *Johnson's Estate*, 66 Mich. 525. This appointment was not void and the acts done by the administrator after he filed his bond were not invalid upon the ground claimed. We have examined *Ryder* v. *Flanders*, 30 Mich. 336, and *Warn* v. *City of Flint*, 140 Mich. 573, and find nothing at variance with the views expressed above. On the contrary, the latter seems to sustain them, as does *Morford* v. *Dieffenbacker*, 54 Mich. 605; *Ions* v. *Harbison*, 112 Cal. 260; *Bloom* v. *Burdick*, 1 Hill (N. Y.), 130. Other cases are cited in defendant's brief, *Ackerman* v. *Pfent*, 145 Mich. 710.

2. Variance. We are unable to ascertain from the plaintiffs' brief what the defect in the publication of the order of hearing of the applications for license to sell land was, unless it was that in the caption of the order as made the session of court was held on January 26, 1897, while as published it was 1896. Both fixed "Friday the nineteenth day of February next" as the day of hearing. This was a clerical error which could mislead nobody and was properly disregarded.

3. Sales as one parcel. It is claimed that these lands were sold as one parcel contrary to the directions of the orders of sale which were that the lots be sold in their numerical order. Plaintiffs' counsel rely upon the case of *Osman* v. *Traphagen*, 23 Mich. 80. That was an ejectment case, and it was held that such a sale, in violation of an order, was not void, and that "the only safe

and practicable course is to treat the omission to sell in parcels as a mere irregularity which cannot be resorted to to invalidate a sale when attacked collaterally." In the note to *Osman* v. *Traphagen*, supra, other cases bearing on this question are cited. See, also, *Norman* v. *Olney*, 64 Mich. 561; *Blackman* v. *Mulhall*, 19 S. Dak. 534.

4. Sale subject to homestead. The ground of this attack seems to be that all of the land was sold subject to the widow's homestead rights, while her homestead rights covered one lot only. What has been said about the sale may cover this question as well. It is at most an irregularity that cannot be attacked collaterally.

5. Appointment of guardian. It is claimed that the appointment of a guardian for Birdie Sybil Brakel was void. See 3 Comp. Laws, § 8697, but section 8708 appears to sustain such action.

Counsel have sought to raise some other questions; notably a claim that John Cutler and Hannah colluded to acquire the entire property for an inadequate price. These questions cannot be considered on this record. They relate to irregularities in some instances and are covered by what has been said. We omit discussion of them as they cannot affect the result of this action.

The judgment is affirmed.

GRANT, C. J., and MONTGOMERY, OSTRANDER, and CARPENTER, JJ., concurred.