## McCLAVE v. BENTON HARBOR STATE BANK.

1. GUARDIAN AND WARD—SALE OF INTEREST IN REALTY.
   Guardian's sale to widow of interests of minors in farm for notes secured by mortgage on entire farm *held*, sale on credit within meaning of statutes providing for such sale by guardian and not a sale for cash and reinvestment of proceeds notwithstanding statutes as to credit sales were not complied with (3 Comp. Laws 1929, §§ 15825, 15841).

2. SAME—PROBATE COURT RECORDS—PROTECTION TO PURCHASER.
   Good-faith purchasers of real estate at probate sale may rely upon probate records and the judgment of the court, where the court has jurisdiction, but one who has knowledge of infirmities or is chargeable with notice of them will not be protected in his title.

3. SAME—CONFIRMATION OF SALE BY PROBATE COURT.
   Confirmation of sale of minors' interest in real estate by probate court which had jurisdiction to license sale and confirm it *held*, effective as to good-faith purchasers notwithstanding sale was actually in violation of statute regarding same, where facts as to such violation were not brought to the attention of the probate court (3 Comp. Laws 1929, §§ 15825, 15841).

4. SAME—BANK CHARGEABLE WITH NOTICE.
   Bank taking mortgage from widow but withholding advancement of portion of money until after widow acquired interests of minors *held*, chargeable with knowledge of subsequent report of guardian's sale to widow as for cash when sale was actually for credit and therefore not a *bona fide* purchaser, where statutory requirements for credit sales had not been complied with (3 Comp. Laws 1929, §§ 15825, 15841).

5. SAME—EASEMENT PURCHASER—GOOD FAITH.
   Electric company which purchased easement to maintain power lines from bank after foreclosure of mortgage from widow *held*, not chargeable with notice of interests of minors whose guardian had not complied with statutes as to sale of their interests on credit and probate court records disclosed regular

and legal license to sell for cash, though abstract showed that mortgage by widow to guardian was executed on same day as his conveyance to her (3 Comp. Laws 1929, §§ 15825, 15841).

6. APPEAL AND ERROR—ABANDONMENT OF CONTENTION.
Contention of appellant upon which neither authority nor argument is presented is presumed abandoned.

7. GUARDIAN AND WARD—RECEIVERS—BANKS.
Failure of minors to file claim against bank while in receivership where it was chargeable with notice of fact that their guardian had violated statutes as to sale of their interest which it had acquired and sold *held*, not a bar to their subsequent suit against reorganized bank to set aside guardian's conveyance to bank's grantor since they merely seek recovery of interest in land to which bank never had acquired valid title.

Appeal from Berrien; White (Charles E.), J. Submitted June 20, 1934. (Docket No. 135, Calendar No. 37,946.) Decided October 1, 1934.

Bill by Alice McClave, individually and as guardian of Esther Handy and George Handy, minors, Everett Handy and wife and Daniel Handy against Benton Harbor State Bank, Adolph Belter, Willis H. Handy and Indiana & Michigan Electric Company, a corporation, to set aside a mortgage, quiet title and for other relief. Cross-bills by defendant bank and electric company to quiet title. Decree for plaintiffs Daniel Handy and Alice McClave, as guardian, against defendant bank. Bill dismissed as to Alice McClave, individually, and Everett Handy and wife as to defendant bank and as to all plaintiffs against defendants electric company, Belter and Handy. Defendant bank appeals and all plaintiffs cross-appeal as to dismissal of bill against defendant electric company. Affirmed.

*Stuart B. White,* for plaintiffs.

*Gray & Gray,* for defendant bank.

*Gore, Harvey & Fisher,* for defendant electric company.

Fead, J. W. J. Handy and his divorced wife, Imogene, were tenants in common of a farm. Handy died in 1921 and his interest devolved upon two adult sons and five minor children. In 1922 Mrs. Handy contracted to sell the farm to Edward Schultz for $34,000, taking in payment on account a farm at $10,500. January 11, 1923, Willis Handy was appointed and qualified as guardian of the minors.

To obtain money to pay the adult sons and to support the family, Mrs. Handy arranged an $8,000 loan with defendant bank. The arrangement contemplated Mrs. Handy obtaining the whole title to the premises. On March 3, 1923, the guardian petitioned the probate court for license to sell the minors' interest at private sale. On March 10th Mrs. Handy executed a mortgage to the bank covering the entire farm and warranting title. The bank paid $4,000 to the joint account of Mrs. Handy and the guardian and issued a certificate of deposit for the balance but retained possession of it.

Appraisers valued the minors' estate at $10,000. On April 11th license to sell was granted "for purpose of investing proceeds for support of wards." April 14th the guardian executed statutory bond and gave Mrs. Handy a deed of the 5/14 interest of the minors for consideration of $10,000. On the same day the adult sons executed to their mother a conveyance of their interest and were paid $2,100 each. On the same day Mrs. Handy executed to the guardian a mortgage of the entire farm, subject to

the bank mortgage of $8,000, to secure her five promissory notes of $2,000 each, payable in nine years. The statutory oath was dated April 16th. These instruments were recorded or filed April 17th, on which day the guardian made report of sale alleging that he had sold the minors' interests to Mrs. Handy for $10,000. The sale was confirmed April 27th. In subsequent reports of the guardian to probate court the mortgage was listed as an investment of the minors' estate.

The bank paid Mrs. Handy and the guardian jointly the balance of the loan on April 16th. Schultz lived on the premises about five years, paid principal of $1,500 and interest, and then defaulted. The mortgage became in default and, on April 11, 1927, was foreclosed and the land sold to the bank mortgagee. After expiration of the period of redemption, the bank sold the farm on contract to defendant Belter for $11,628, taking a vendor's interest of $3,000 in a land contract as part payment, and executed to defendant Indiana & Michigan Electric Company an easement to maintain power lines, poles and towers on the land for a consideration of $284. No part of Mrs. Handy's mortgage to the guardian was ever paid.

This suit is by the five minor children to set aside the guardian's deed to Mrs. Handy and the latter's mortgage to the bank, to quiet title in the minors, for partition, and other relief. The court denied relief to two plaintiffs who have become of age on the ground that their claims are barred by the statute of limitations, 3 Comp. Laws 1929, § 13968; dismissed the bill as to Belter and the electric company because they were *bona fide* purchasers; and entered decree against the bank. Plaintiffs and the bank appeal, plaintiffs attacking the decree in favor of the electric company.

The case presents three questions, (1) whether the sale by the guardian to Mrs. Handy, with mortgage back, was an investment of the minors' funds, as claimed by defendants, because security was taken on other property than that sold, or was a sale on credit, (2) if the latter, whether defendants are protected by the records of the probate court, and (3) whether they were purchasers in good faith.

3 Comp. Laws 1929, § 15825, covering public sales, provides:

"On such sale, the executor, administrator or guardian may give such length of credit, not exceeding five years, and for not more than two-thirds of the purchase money, as shall seem best calculated to produce the highest price, and shall have been directed, or shall be approved by the judge of probate, and shall secure the moneys for which credit is given, by a bond of the purchaser, and by a mortgage of the premises sold, with interest payable semi-annually."

3 Comp. Laws 1929, § 15841, pertaining to private sales, in part reads:

"All other provisions of this chapter, except where plainly inapplicable, shall be applicable to sales under this section, except this, that if any guardian or testamentary trustee shall file in said court a petition setting forth that after continued and diligent effort he has been unable to dispose of any real estate for cash, or on such length of credit, and on such terms as provided in * * * (section 15825 above), and such petition shall set forth the best terms upon which he is able to make sale of such real estate, the court, after due notice to the parties interested, and after the taking or causing to be taken of testimony of freeholders, as hereinbefore provided, may grant a license to such guardian or testamentary trustee to dispose of said real

estate, upon such terms as the court shall find to be for the best interest of the ward or beneficiary.''

Reasons may be adduced to support defendants' contention that the transaction was in fact an investment, or plaintiffs' claim that it was a sale on credit. In view of the basic requirement, however, that sales of real estate be made for cash unless otherwise expressly authorized by probate court, and that the sale was on time in fact, we think it must be held a sale on credit within the meaning of the statute. Any other rule would hold serious possibilities of hazards to minors' estates.

It is a general rule that purchasers of real estate at probate sale may rely upon probate records and the judgment of the court, where the court has jurisdiction. *Averill* v. *Jackson City Bank*, 114 Mich. 20; *Wheelock* v. *Lake*, 117 Mich. 11.

We need not trace the rule through its ramifications, applications and exceptions. Reference to the cases discloses that it may be invoked only by purchasers in good faith. Such purchaser, relying upon records not disclosing the defect, would be protected in his title although the sale were on credit and the statutory requirements therefor not observed. *Asman* v. *Traphagen*, 23 Mich. 80, 84. Obviously the rule could not aid a purchaser who had knowledge of the infirmities or was chargeable with notice of them.

At bar, the court had jurisdiction to license and confirm the sale. The jurisdiction appears of record. The proceedings were wholly regular and legal on the face of the records, except as to certain irregularities in filing completed before and cured by final order of confirmation which gives the deed effect. 3 Comp. Laws 1929, § 15841.

A different question would confront us had the probate court been advised of the facts and passed upon the legality of the sale as actually made. The infirmity lies in violation of the statute as to sales on credit, which was not disclosed to the probate court and, therefore, was not cured by its judgment upon law and facts.

The court held that the bank was not a *bona fide* purchaser. It did not present evidence that it bought in good faith and without knowledge of the facts. Its original arrangement for loan contemplated Mrs. Handy acquiring the whole title. It withheld part of the purchase price awaiting that event. It paid the balance before the sale was confirmed. As the deed to her would not be of effect until the order of confirmation, the bank was chargeable with knowledge of the report of sale. The inferences from the facts are that it knew the report of sale for cash was not correct, that the records did not disclose the true situation, that the sale was on credit and had not been approved by the probate court as required by statute. In the absence of testimony impeaching the inferences from the facts, it cannot be said the bank was a purchaser in good faith.

Defendant electric company bought in reliance on the records. The only fact disclosed which could have put it on inquiry was that the abstract showed the mortgage by Mrs. Handy, recorded on the same day the guardian conveyed to her. If the fact was sufficient to send it to the probate court for further information, it found the probate records disclosing a regular and legal license and sale for cash. There was no reason for further inquiry. We think the court was right in holding this defendant a purchaser in good faith.

Before this suit was instituted, defendant bank had been closed, a receiver appointed, and statutory reorganization conducted resulting in its reopening. Defendant bank contends the proceeding is a bar to the action because plaintiffs filed no claims in the receivership proceedings. Counsel for the bank present no authority or argument on this point and we assume it is abandoned. In any event, plaintiffs' claims were not against assets owned by the bank but to recover premises to which the bank never acquired valid title.

Decree affirmed, with costs to plaintiffs against defendant bank and to defendant electric company against plaintiffs.

Nelson Sharpe, C. J., and Potter, North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.