ACTION AUTO, INC v ANDERSON

Docket No. 91795. Submitted February 12, 1987, at Detroit. Decided January 19, 1988. Leave to appeal applied for.

Kenneth J. Anderson, Sr., named three "co-personal representatives" in his will and granted them the power to sell realty. Following the death of Kenneth J. Anderson, Sr., Action Auto, Inc., entered into a sales agreement with two of the co-personal representatives of the estate whereby Action Auto would purchase certain realty belonging to the estate. Although there were blank spaces for the two co-personal representatives to sign the agreement, only one actually signed. The co-personal representatives subsequently entered into a purchase agreement whereby Southeastern Exploration Company would purchase the same property which the two co-personal representatives had agreed to sell to Action Auto. Action Auto, Inc., filed suit against Kenneth J. Anderson, Jr., Michael J. Anderson, and Ronald L. Anderson, the co-personal representatives, and Southeastern Exploration Company in Lapeer Circuit Court requesting that the court declare plaintiff's sales agreement with the two co-personal representatives valid and binding, enjoin the sale of the property by the estate to any other party, order specific performance of its sales agreement, and award plaintiff any damages, costs and attorney fees to which it was entitled. Defendants moved for summary disposition, alleging that the sales agreement between the two co-personal representatives and Action Auto was void because it was signed by only Kenneth J. Anderson, Jr. The court, Martin E. Clements, J., granted summary disposition in favor of defendants, finding that all three co-personal representatives must join together in conveying realty in order to bind the estate and that the purported sales agreement was void because the text of the agreement contemplated that there would be two signers on behalf of the estate, but only one signed. Plaintiff appealed.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Executors and Administrators §§ 455-458.

Lis pendens: grounds for cancellation prior to termination of underlying action, absent claim of delay. 49 ALR4th 242.

1. The trial court properly granted defendants' motions on the ground that the estate could not be bound, as a matter of law, by the signature of only one of the co-personal representatives.

2. The trial court correctly ordered that a notice of lis pendens filed by plaintiff be cancelled if plaintiff failed to post bond as provided in the lis pendens statute.

Affirmed.

1. EXECUTORS AND ADMINISTRATORS — CO-PERSONAL REPRESENTATIVES — SALES OF REALTY — JOINT ACTION.

All qualified personal representatives named in a will must act jointly in conveying real estate where the will is silent as to the authority of the personal representatives to act individually.

2. LIS PENDENS — BOND.

A court has the discretion to require either the party requesting cancellation of a notice of lis pendens or the party filing the notice to post bond to protect the property owner (MCL 600.2731; MSA 27A.2731).

*Winegarden, Shedd, Haley & Lindholm* (by *Donald H. Robertson*), for plaintiff.

*Penzien & Davis* (by *Bernard P. Penzien*), for Estate of Kenneth J. Anderson.

*Touma, Watson, Nicholson, Whaling, Fletcher & DeGrow, P.C.* (by *Cheryl A. Cardelli*), for Southeastern Exploration Company.

Before: DANHOF, C.J., and WEAVER and J. M. BATZER,* JJ.

J. M. BATZER, J. Plaintiff Action Auto, Inc., appeals as of right from an order of the Lapeer Circuit Court granting summary disposition to defendants pursuant to MCR 2.116(C)(10). We affirm.

The underlying dispute concerns the sale of realty by the personal representatives of the estate

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

of Kenneth J. Anderson, Sr. The last will and testament of Kenneth J. Anderson, Sr., was signed on June 3, 1981. The will named Kenneth J. Anderson, Jr., as personal representative. If Kenneth J. Anderson, Jr., did not survive the testator or was unable to act, Michael J. Anderson was named as personal representative. If both Kenneth J. Anderson, Jr., and Michael J. Anderson did not survive the testator or were unable to act, Robert L. Anderson was named personal representative. The will granted the personal representative the power to sell realty. On June 27, 1981, a codicil to the will was executed. This codicil amended the will by naming Kenneth J. Anderson, Jr., Michael J. Anderson, and Ronald L. Anderson as the testator's "co-personal representatives." On July 21, 1981, a second codicil to the will was executed, which reasserted the fact that three co-personal representatives had been named.

Following the death of Kenneth J. Anderson, Sr., plaintiff claims it entered into a sales agreement with the estate whereby it was agreed that the estate would sell plaintiff property located in Imlay City. The sales agreement indicates in the first paragraph that it is an

AGREEMENT made by and between the Estate of Kenneth J. Anderson, by its Personal Representatives, Kenneth J. Anderson, Jr. and Michael J. Anderson, hereinafter referred to as "Seller," and Action Auto, Inc., a Michigan Corporation, hereinafter referred to as "Purchaser."

The agreement had signature blanks for plaintiff's representative and for Kenneth J. Anderson, Jr., and Michael J. Anderson. However, only Kenneth J. Anderson, Jr., signed the agreement.

Plaintiff filed this complaint on February 14, 1986, alleging that the co-personal representatives of the estate subsequently entered into a purchase agreement with Southeastern Exploration Company for the sale of the same property. Plaintiff requested that the court declare that its sales agreement with the estate was valid and binding, enjoin the sale of the property by the estate to any other party, order specific performance of the alleged sales agreement between plaintiff and the estate, and award plaintiff any damages, costs and attorney fees to which it was entitled. Defendants, the three co-personal representatives and Southeastern, responded with two separate motions for summary disposition. Both motions alleged that the sales agreement between plaintiff and the estate was void because it was signed by only Kenneth J. Anderson, Jr.

The trial court granted summary disposition to defendants, finding that all co-personal representatives must join together in conveying realty in order to bind an estate. The trial court further found that the purported sales agreement was void because the text of the agreement contemplated that there would be two signers on behalf of the estate, yet there was only one.

We find that the trial court properly granted defendants' motions on the ground that the estate could not be bound, as a matter of law, by the signature of only·one of the co-personal representatives.

The issue of whether all qualified personal representatives named in a will must act jointly in conveying real estate appears to be one of first impression in this state. However, a number of other jurisdictions have addressed the issue. These jurisdictions have all required joint action in the

absence of a specific provision in the will.[1] See, e.g., *Carter v Hurst,* 234 So 2d 616, 619 (Miss, 1970) (the power of sale conferred in a will is in the nature of a trust, and all the executors who qualify must joint in the execution of that power), *Bernhardt v Luke,* 50 Del 217, 222; 126 A2d 556, 559 (1956) (since the authority of executors to sell real estate is derived either from the will or from court order, the testamentary power, if given to two or more executors, must be exercised by all, for the confidence reposed by the decedent is reposed in them all), *Simmons's Estate,* 254 Pa 231; 98 A 871 (1916) (where a power to sell and convey real estate is vested in executors, all the executors whose renunciations are not of record must exercise the power and join in the conveyance), and *Pennsylvania Co for Ins on Lives v Bauerle,* 143 Ill 459, 474; 33 NE 166, 171 (1892) (where the power to sell land is conferred by the will upon several executors, all who qualify and are living must join in the execution). See also 34 CJS, Executors and Administrators, § 1043, pp 1319-1323; 31 Am Jur 2d, Executors and Administrators, § 457, p 211, and cases cited therein. The Uniform Probate Code also requires joint action.

> If two or more persons are appointed co-representatives and unless the will provides otherwise, the concurrence of all is required on all acts connected with the administration and distribution

---

[1] 31 Am Jur 2d, Executors and Administrators, § 455, p 211, appears at first glance to support plaintiff's position. However, one of the cases cited in support, *Varble v Collins' Ex'r,* 168 Ky 247; 181 SW 1115 (1916), merely states that one co-executor's participation in the sale of realty is sufficient when the second co-executor is unqualified to act. The second case, *Brown v Doherty,* 185 NY 383; 78 NE 147 (1906), presented an extraordinary situation where the nonparticipating co-executor did not object to the sale and the estate did not seek to void the sale until after the nonparticipating co-executor died. We do not interpret the courts' opinions in these cases as being contrary to the general rule that all executors who qualify must join in the execution of a sale before the estate may be bound by the sale.

of the estate. [8 Uniform Laws Annotated, Uniform Probate Code, § 3-717, p 340 (1983).]

We are persuaded by these authorities that Michigan should also adopt the requirement of joint action when the will is silent as to the authority of co-personal representatives to act individually.[2]

In adopting the majority rule, we recognize that our Supreme Court in *Vernor v Coville,* 54 Mich 281, 290-291; 20 NW 75 (1884), stated:

> Co-executors and co-administrators are regarded, in law, as but one person, and acts done by one are deemed the acts of all in all matters relating to the personal estate. One may execute a valid release of a debt. *Murray v Blatchford,* 1 Wend 583. He may discharge a mortgage. *People v Keyser,* 28 NY 226. May make an assignment of a mortgage. *Cronin v Hazeltine,* 3 Allen 324. And this Court has held that a deed made by one of two or more administrators was not void and not subject to attack in collateral proceedings. *Osman v Traphagen,* 23 Mich 80.

However, we believe that plaintiff's reliance on this statement is misplaced. The issue in *Coville* was whether one co-executor had the authority to bind the estate when the second co-executor was not qualified to act on behalf of the estate. Accordingly, the Court's statement following its ruling

[2] We further note that MCL 700.164; MSA 27.5164 provides in relevant part:

When all personal representatives appointed in a will are not authorized, for any reason, to act in that capacity, those personal representatives who are authorized shall have the same authority to perform every act and discharge every trust required and allowed by the will. Their acts shall be as valid and effectual for every purpose as if all were authorized and should act together . . . .

This statute would be unnecessary if a single co-executor could bind an estate.

that the act of the qualified co-executor was valid is dictum.[3]

The second issue raised on appeal is whether the trial court erred in ordering that the notice of lis pendens filed by plaintiff be cancelled if plaintiff failed to post bond. We also affirm this order of the trial court.

A notice of lis pendens concerning the property involved in the instant case was filed by plaintiff in February, 1986. After the court issued its order granting summary disposition to defendants and after plaintiff filed its claim of appeal, the estate filed a motion to set an appeal bond, pursuant to MCR 7.209 and MCL 600.2731; MSA 27A.2731. The trial court ordered plaintiff to post a $50,000 bond or have the notice of lis pendens discharged. Plaintiff moved in this Court to vacate that order and for a stay. This Court denied the motion to vacate for failure to persuade the Court of the need for immediate appellate review and denied the request for stay. Plaintiff did not post a bond and, in August, 1986, an order was filed discharging the notice of lis pendens.

MCL 600.2731; MSA 27A.2731 provides:

(1) In any pending or future action, other than an action to foreclose a mortgage or for the partition of real property or for dower, in which a notice of the pendency thereof has been filed and in which it appears to the court that adequate relief can be secured to the party who filed the same by the giving of a bond, where the cancellation of such notice is not otherwise expressly

[3] In addition, the Court's conclusion in *Osman v Traphagen,* 23 Mich 80 (1871), was merely that the sale of the estate's property was valid even though the second co-executor did not participate because the co-executor was unqualified to administer the affairs of the estate. In short, the holding in *Osman* is essentially the same as in *Coville* and, likewise, does not support plaintiff's position.

provided for or regulated, any person having an interest in the property affected by the action may apply for the cancellation thereof upon notice to all the parties to the action and to such persons as the court may direct.

(2) The court in which the action is pending may make an order for the bond upon such terms as to costs or otherwise as may seem just. The discretion vested in the court by this section may be exercised in any such action, notwithstanding the same may have been brought to recover a judgment affecting the title to, or the possession, use or enjoyment, of specific real property.

(3) Upon an application as provided in subdivision (1) for cancellation of the notice of pendency, made in any pending or future action for specific performance of a contract to convey real property, whether or not the court determines that adequate relief can be secured to the party filing the notice of pendency by the giving of a bond, the court may order that the notice be canceled, upon the giving of a bond by the applicant upon terms fixed in the order, as provided in subdivision (2), unless the person filing the notice of pendency gives a bond, upon terms to be fixed by the order.

(4) The bond shall be in an amount which the court, upon consideration of the affidavits submitted upon the application deems sufficient to indemnify the applicant for the damages he may incur if the notice of pendency is not canceled.

(5) The order shall provide that upon failure of the person filing the notice of pendency to give a bond in accordance with the order, the notice of pendency shall be canceled upon the giving of a bond by the applicant, as provided therein.

(6) Where the person who filed the notice of pendency has given a bond as provided in the order, recovery may be had upon the bond without further leave of the court, upon the discontinuance or abatement of the action, or the cancellation of the notice of pendency because of the neglect of such person to proceed in the action, or upon final judgment against him. The recovery may be ob-

tained by a separate civil action, or by motion in the action as to which the notice was filed.

Plaintiff claims that the trial court committed clear error by ignoring the provisions of the statute which require the party requesting the discharge of the notice of lis pendens to post a bond. We disagree. If a statute is unambiguous on its face, a court will avoid further interpretation or construction of the statutory terms. On the other hand, if an ambiguity exists, it is the duty of the court to effect the intention of the Legislature in enacting the statute. To resolve an ambiguity, a court will look to the object of the statute, the evil or mischief which it is designed to remedy and will apply a reasonable construction which best accomplishes the statutory purposes. Additionally, ambiguous statutes are to be interpreted as a whole and construed so as to give effect to each provision and to produce a harmonious and consistent result. Specific words in a given statute are to be assigned their ordinary meaning, unless a different interpretation is indicated. *Erickson v Dep't of Social Services,* 108 Mich App 473; 310 NW2d 428 (1981). Further, the word "shall" is generally used to designate a mandatory provision, where the word "may" designates a provision which grants discretion. See, e.g., *Law Dep't Employees Union v City of Flint,* 64 Mich App 359; 235 NW2d 783 (1975).

Turning to the statute with the foregoing principles in mind, we believe that a more reasonable construction is that a court has the discretion to require either the applicant to post a bond to cancel the notice of lis pendens or the person filing the notice of lis pendens to file a bond for continuance of the notice. First, our interpretation would

give effect to the discretionary language of subsection (3). Further, our interpretation would carry out the purpose of the statute, to protect the owner of the property. Moreover, plaintiff's position is contrary to the usual proposition that the appellant, here plaintiff, post bond to protect the appellee from harm during the pendency of the appeal. In essence, after losing on its claim below and filing a claim of appeal with this Court, plaintiff seeks to tie up the property without putting up any security. We do not believe that such a result is condoned by the lis pendens statute.

Moreover, it does not appear that the lis pendens statute is necessarily controlling. In *Altman v Lansing,* 115 Mich App 495, 506-507; 321 NW2d 707 (1982), this Court concluded that the lower court did not err in cancelling the notice of lis pendens because if the notice was revived progress on a project would likely come to a halt with the result that the defendants would be greatly harmed by the notice. On the other hand, it was extremely unlikely that the plaintiffs would ever succeed in their action. Accordingly, the Court concluded that the equities were entirely on the side of the defendant. If a trial court can cancel a notice of lis pendens outright on equitable grounds, it follows that a trial court, as in the present case, can order that the notice of lis pendens be cancelled unless the party filing it posts a bond to protect the landowner. Here, as in *Altman,* the property would be tied up during the pendency of any further appeal. It is likely that the estate could be harmed by its inability to sell or develop the property during this time. Further, as discussed previously, we believe that any further appeal by plaintiff would be without merit.

Affirmed.