McBRIDE v AMERICANA MOBILE HOME PARK, INC

Docket No. 97254. Submitted May 3, 1988, at Detroit. Decided August 10, 1988.

Jimmie McBride was discharged from his job as a manager of a mobile home park in June, 1982. He applied for unemployment compensation benefits. The Michigan Employment Security Commission sent a form to the former employer, Americana Mobile Home Park, Inc., requesting information relative to McBride's termination. Donald Craite, the owner of Americana, responded and gave several reasons why he believed that McBride should not qualify for benefits. The commission apparently determined that McBride was eligible for benefits on July 23, 1982. Craite denied that he ever received a copy of the MESC determination, but admitted that he received cancelled checks indicating that McBride had been awarded benefits. After the employer's contribution rate increased dramatically in March, 1985, Craite was told that it was because of McBride's claim. The employer's request for a redetermination or reconsideration was then denied by the MESC. The employer then appealed to the Referee Division of MESC. The referee affirmed MESC's denial of the request for a redetermination or reconsideration. The MESC BOARD of REVIEW affirmed the referee's decision. The employer appealed to the Wayne Circuit Court. The circuit court, Harry J. Dingeman, Jr., J., affirmed. The employer appealed.

The Court of Appeals held:

1. The Legislature has mandated that an employer shall be notified of the MESC determination and that such notice is to be mailed or personally served. In order to reflect compliance with the statutory notice requirement, the MESC file should contain some proof reflecting the fact that the employer was personally served with or sent a copy of the determination. The Court of Appeals is unable to conclude in this case that there was compliance with the statutory notice provisions.

2. There was no competent, material and substantial evidence on the whole record to support the implicit finding that

REFERENCES

Am Jur 2d, Unemployment Compensation §§ 32 et seq., 91 et seq.
See the Index to Annotations under Unemployment Compensation.

the employer had been notified of the MESC determination and that, therefore, the applicable appeal periods began running.

3. The matter is remanded to the circuit court with directions to remand the matter to MESC and that MESC be directed to allow the employer thirty days from the entry of the circuit court's order on remand to file an application for review of the determination on its merits.

Reversed and remanded.

1. UNEMPLOYMENT COMPENSATION — APPEAL — EMPLOYMENT SECURITY COMMISSION.

   The Court of Appeals, on appeals from decisions of the Michigan Employment Security Commission Board of Review, may review questions of law or fact, but can reverse only if an order or decision is contrary to law or unsupported by competent, material and substantial evidence on the whole record (Const 1963, art 6, § 28; MCL 421.38; MSA 17.540).

2. UNEMPLOYMENT COMPENSATION — NOTICE.

   The Legislature has mandated that an employer shall be notified of a determination of the Michigan Employment Security Commission regarding a request for unemployment compensation benefits and that such notice is to be mailed or personally served; the MESC file should contain some proof reflecting the fact that the employer was personally served with or sent a copy of the determination in order to reflect compliance with the statutory mandate relative to notice (MCL 421.32[b], 421.32a[1]; MSA 17.534[b], 17.534[1][1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Donna K. Welch,* Assistant Attorney General, for the Michigan Employment Security Commission.

*Clark, Klein & Beaumont* (by *Patrick J. Keating* and *Morgan J. C. Scudi*), for Americana Mobile Home Park, Inc.

Before: GILLIS, P.J., and MURPHY and H. R. GAGE,* JJ.

PER CURIAM. Respondent appeals as of right

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

from an order of the circuit court affirming a decision of the Michigan Employment Security Commission Board of Review which denied respondent's application for rehearing. The board of review decision affirmed a decision of a commission referee who concluded that respondent's request for a redetermination was filed beyond the appropriate appeal period and good cause for reconsideration or redetermination was not established.

Jimmie McBride began working for respondent as the manager of respondent's mobile home park in July, 1981. In June, 1982, McBride was discharged. He promptly applied for unemployment compensation benefits. MESC then sent a form to respondent requesting information relative to McBride's termination. Respondent's owner, Donald Craite, promptly responded on the form that McBride should not qualify for benefits because (1) large amounts of money, which McBride was responsible for, mysteriously disappeared, (2) he did not do his job as directed, and (3) he was sickly because of diabetes.

Craite denied he ever received a copy of the MESC determination of McBride's eligibility or a later determination of McBride's eligibility for interstate benefits. Craite admitted, however, that some time in July, 1982, he began receiving "hard card receipts" or "cancelled checks" which reflected that McBride had been awarded benefits. Craite did not challenge the MESC determination at that time because he did not know how.

Then, in March, 1985, respondent's MESC contribution rate increased dramatically. When Craite inquired why his contribution rate escalated, he was told it was because of McBride's claim. In addition, he was told that he had had a right to appeal the initial MESC determination.

Respondent's ensuing request for a redetermination or reconsideration was denied. Respondent then appealed to the Referee Division of MESC where the only testimony taken was from Donald Craite. The referee told Craite that the commission's determination regarding McBride's eligibility was made on July 23, 1982. The transcript of that hearing reveals that the MESC copy of the determination was in the commission file at that time and it was shown to Craite. However, Craite did not recognize the form and claimed he never received his copy of it. We note that the lower court record reveals that since the date of that hearing the MESC copy of the determination has been lost. In addition, the file has no record reflecting the fact that respondent had been served with its copy of the determination.

The referee then affirmed the MESC's denial of respondent's request for a redetermination or reconsideration because (1) respondent failed to protest the determination within the requisite appeal period, (2) good cause for reconsideration had not been established, and (3) the statutory one-year period of limitation had expired, leaving the referee without jurisdiction to consider the merits of respondent's claims. Respondent's subsequent appeals were all denied.

On appeal to this Court, respondent argues that the applicable notice provisions of the Michigan Employment Security Act, MCL 421.1 *et seq.*; MSA 17.501 *et seq.*, have been violated and that its constitutional due process rights have been violated as well. However, since we are able to decide this case based upon the applicable provisions of the Michigan Employment Security Act, we need not address respondent's claims that its federal or state constitutional due process notice rights were violated.

At the time Jimmie McBride applied for unemployment benefits, MCL 421.32(b); MSA 17.534(b), in pertinent part, provided the following:

> Upon receipt of the foregoing information [the employer's reports] the commission shall promptly make a determination based upon the available information. *The claimant and the employer whose rating account may be charged pursuant to said determination shall be promptly notified thereof.* Such notice shall at least show (1) the name and account number of the employer whose rating account may be charged pursuant to said determination; (2) the weekly benefit amount and the maximum number of credit weeks against which the individual may draw benefits; and (3) whether or not the claimant is eligible and qualified to draw benefits.

The statute at that time also provided that an employer could initially appeal the MESC determination within twenty days [now thirty days under the amended statute] from the time notice of the determination is sent to the employer:

> The commission shall upon application by an interested party for review of a determination or upon request for transfer to a referee for a hearing, filed with the commission within 20 days *after the mailing or personal service of a notice of determination,* or upon its own motion within that period, review any determination. [MCL 421.32a(1); MSA 17.534(1)(1).]

On appeal from decisions of the MESC Board of Review, this Court may review questions of law or fact, Const 1963, art 6, § 28; MCL 421.38; MSA 17.540, but it can reverse only if the order or decision is contrary to law or unsupported by competent, material and substantial evidence on

the whole record. *Gormley v General Motors Corp*, 125 Mich App 781, 784-785; 336 NW2d 873 (1983).

As we read the above-quoted statutory provisions, it is clear that the Legislature has mandated[1] that an employer *shall* be notified of the MESC determination and that such notice is to be mailed or personally served.

McBride argues on appeal that respondent had actual knowledge that McBride was receiving benefits because Craite acknowledged receiving copies of McBride's benefit checks. McBride contends that respondent was therefore on notice that it could have protested benefit charges to its account within the time limits imposed by MCL 421.32a; MSA 17.534(1). Moreover, there was sufficient evidence to support the circuit court's affirmance of the board of review. McBride bolsters the argument by relying on the following provision of the act:

> The issuance of each benefit check shall be considered a determination by the commission that the claimant receiving the check was, during the compensable period, covered thereby, eligible and qualified for benefits, and any employer upon receipt of a copy of the check as provided in subsection 21(a) may protest by requesting a redetermination as to such eligibility or qualification as to such period and a determination as to later weeks and benefits still unpaid as are affected by such protest. [MCL 421.32(d); MSA 17.534(d).]

We believe the argument misses the point. If we were to accept McBride's contention, the above provision would effectively nullify any statutory

---

[1] Specific words in a given statute are to be assigned their ordinary meaning, unless a different interpretation is indicated. *Action Auto, Inc v Anderson*, 165 Mich App 620, 628; 419 NW2d 36 (1988). Moreover, the word "shall" is generally used to designate a mandatory provision. *Id.*

requirement that a copy of the initial determination, which includes the employer's appeal rights, be sent to or personally served on the employer. Under such a scenario, once a claimant applied for benefits, and the MESC sent the initial inquiry form to the employer, the MESC could meet the statutory notice requirement imposed by the Legislature by simply sending copies of the benefit checks, which do not include the applicable appeal rights, to the employer. We do not believe the Legislature intended such a result.

The facts in this case reveal the flaws in McBride's argument. Donald Craite testified that he never received his copy of the determination. When asked why he did not appeal after receiving copies of McBride's cancelled checks, he responded:

> *A. [Donald Craite]* I didn't know how. I didn't know how. When I, when I wrote this on the bottom of here of this 1555 form [the initial form sent by MESC to an employer], I kind of figured that if, if, if that wasn't a good enough reason, I couldn't give them a better and that there was just no way you could stop these payments. When I talked to the individual in the, in the OB office, he told me that, that—I told, I explained to him why I had let the man go and he said, "Well," he said, "I would—
> *Q. [Referee]* You only appealed after your rate went up and you had this—
> *A.* That's right.
> *Q.* —conversation with the—
> *A.* That's right.
> *Q. And you didn't appeal when you received the check copies because you didn't think you had the right to appeal?*
> *A. I, I didn't know how to appeal—*
> *Q.* Okay.

Had respondent received its copy of the determi-

nation, that form would have clearly spelled out the applicable appeal procedure and the time limitations involved. Instead, respondent received copies of benefit checks which, although constituting a determination, nonetheless did not properly apprise respondent of its rights to appeal the initial determination. Because respondent was unaware of its appeal rights, respondent understandably did nothing until its contribution rate increased dramatically. By then, all the appropriate appeal periods had expired and respondent was never provided the opportunity to have its case determined on the merits.[2]

We believe that, in order to reflect compliance with the statutory mandate relative to notice, the MESC file should contain some proof reflecting the fact that respondent was personally served with or sent a copy of the determination. We are simply unable to conclude that there was compliance with the notice provisions of the statute in this case.

We are therefore constrained to conclude that there was no competent, material and substantial evidence on the whole record to support the implicit finding that respondent had been notified of the MESC determination and that, therefore, the applicable appeal periods began running. There being no proof that notice of the determination was sent to respondent, respondent has the now applicable thirty-day appeal period in which to file an application for review of the determination. See MCL 421.32a; MSA 17.534(1).

Therefore, we remand this matter to the circuit court with directions to remand the matter to the MESC and that the MESC be directed to allow re-

_____
[2] The referee's decision concluded that he was unable to consider the merits of the case because respondent's appeal was beyond the statutory period of limitations.

spondent thirty days from the entry of the circuit court's order on remand to file an application for review of the determination on its merits.

Reversed and remanded for further proceedings consistent with this opinion.